NO. 07-10-0361-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL E

 

MAY 13, 2011

 

______________________________

 

 

COVENANT HEALTH SYSTEM, D/B/A COVENANT

MEDICAL CENTER, AND D/B/A COVENANT HEART &

VASCULAR INSTITUTE AND D/B/A COVENANT HEART

INSTITUTE AND D/B/A COVENANT WELL HEART

SERVICES, APPELLANT

 

V.

 

LINDA BARNETT AND ROBERT BARNETT, APPELLEES

 

 

_________________________________

 

FROM THE 72ND DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2010-550,709; HONORABLE RUBEN GONZALES REYES,
JUDGE

 

_______________________________

 

Before CAMPBELL and PIRTLE, JJ. and BOYD, S.J.[1]

CONCURRING AND DISSENTING OPINION

              I agree with the majority in its
conclusion that Appellees' claims are health care liability claims and that the
trial court erred in denying Appellant's motion to dismiss under Chapter 74 of
the Texas Civil Practice and Remedies Code. 
I respectfully disagree, however, with the decision to remand this
matter back to the trial court for the purpose of determining Appellant's
request for an award of attorney's fees.

Waiver of Attorney's Fees

By its
prayer, contained within both its original and reply briefs, Appellant requests
this Court to remand this cause to the trial court for a determination of
attorney's fees to be awarded pursuant to section 74.351(b)(1) of the Texas
Civil Practice and Remedies Code.  Other
than contending that the penalties contained in that section are
"mandatory," neither of Appellant's two briefs contain any discussion
whatsoever as to why a remand is necessary or appropriate.  Rule 38.1(h) of the Texas Rules of Appellate
Procedure requires that the body of Appellant's brief contain a succinct,
clear, and accurate statement of the arguments made in support of any relief
requested.  Failure to advance an
argument, cite authority, make record references or otherwise brief an issue effects a waiver of that issue on appeal.  Assisted
Living Concepts, Inc. v. Stark, No. 07-10-0228-CV, 2010 Tex. App. LEXIS
9326, at *11 (Tex.App.--Amarillo Nov. 23, 2010, no pet.) (reversing the trial
court for failure to grant a Chapter 74 motion to dismiss and then denying a
request to remand on the issue of attorney's fees where the appellant failed to
brief the issue); Sunnyside Feedyard v.
Metro. Life Ins. Co., 106
S.W.3d 169, 173 (Tex.App.--Amarillo 2003, no pet.).  Accordingly, I would find that Appellant
waived the issue.




No Evidence of Attorney's Fees

            Even
if the issue was not waived, a review of the record in this case reveals that
Appellant offered no evidence of
attorney's fees, reasonable, incurred or otherwise.  The courts of this State have consistently
held that an award of attorney's fees must be supported by competent evidence, Torrington Co. & Ingersoll-Rand Corp. v.
Stutzman, 46 S.W.3d 829, 852 (Tex. 2000), and an award of attorney's fees
without sufficient supporting evidence is an abuse of discretion.  Sharp v. Broadway Nat'l Bank, 784 S.W.2d 669, 672 (Tex. 1990).  

            Furthermore,
due to this complete absence of evidence of a vital fact, any award of
attorney's fees would be subject to reversal on a subsequent appeal.  King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003), cert.
denied, 541 U.S. 1030, 124 S.Ct. 2097, 15 L.Ed.2d 711 (2004).  Because this Court is required to render the
judgment that the trial court should have rendered, as to the issue of
attorney's fees, I would render a take-nothing judgment.  See Tex.
R. App. P. 43.2(c). 

No Right to Relitigate

            To
overcome the complete lack of evidence, as I read the majority, Appellant has
the right to return to the trial court for the "limited purpose" of affording
them a second chance to offer evidence of attorney's fees.  In doing so, the majority ignores the
precedent of this Court.  See Assisted Living
Concepts, Inc., 2010
Tex. App. LEXIS 9326.  The majority finds
support for this unconventional procedure in three cases, each of which is
either distinguishable from the facts of this case or founded upon an invalid
syllogism.  

            In Gingrich v. Scarborough, No.
09-09-0211-CV, 2010 Tex. App. LEXIS 3139 (Tex.App.--Beaumont Apr. 29, 2010, no
pet.) (mem. op.), the appellate court cites section 74.351(b) of the
Texas Civil Practice and Remedies Code as the basis for remanding the question
of attorney's fees to the trial court for an award of attorney's fees when, in
reality, that particular section says nothing about remands.  To the contrary, section 74.351(b) specifically
speaks to the judgment a trial court should enter at the conclusion of an
original hearing on a motion to dismiss. 


            Likewise, the second
case relied upon by the majority, Thoyakulathu
v. Brennan, 192 S.W.3d 849 (Tex.App.--Texarkana 2006, no pet.), is equally
non-precedential because, from a reading of that opinion, you are unable to determine
whether the appellant offered evidence of attorney's fees in conjunction with
their motion to dismiss.  Finally, the
majority cites Garcia v. Gomez, 319
S.W.3d 638 (Tex. 2010), which is factually distinguishable from this case.  In Garcia,
unlike the case at bar, the appellant did offer evidence of reasonable attorney's
fees.  When the trial court granted the
motion to dismiss but failed to award attorney's fees, the health care provider
appealed.  The court of appeals affirmed,
concluding that the trial court had not abused its discretion in failing to
award attorney’s fees because the record contained no evidence of the
reasonable fees incurred by the
appellant in defense of the claim.  "Because
there [was] some evidence in [that] case that attorney's fees were both
incurred and reasonable," the Supreme Court remanded the case to the trial
court so that it could exercise its discretion in determining the appropriate
award.  Id. at 643.  While the dissent in Garcia may characterize that opinion as giving the appellant
"a second chance to satisfy his burden of proof," the majority opinion
never specifically authorizes the trial court to allow the presentation of new
evidence on the issue.  Id.

            Where, as here, no evidence of attorney's fees was offered in conjunction
with the section 74.351(b) motion to dismiss, to remand for further proceedings
gives Appellant a "second bite at the apple."  Because further proceedings are not necessary
for the rendition of the judgment the trial court should have rendered, I would
follow the traditional jurisprudence of this State and the precedent of this
Court, and would reverse and render rather than reverse and remand.  

 

 

                                                                                      Patrick A. Pirtle

                                                                                             Justice











[1]John
T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov=t Code
Ann. ' 75.002(a)(1)
(West 2005).