**Wilfredo AVILES, M.D., and Wilfredo Aviles, M.D., P.A., Petitioners,**

v.

**Albert AGUIRRE, et al., Respondents.**

No. 08–0240.

Supreme Court of Texas.

July 3, 2009.

Ida Cecilia Garza, Ronald G. Hole, Hole & Alvarez L.L.P., McAllen, TX, for Petitioner.

Francisco J. Rodriguez, Rodriguez Tovar & Lopez, LLP, McAllen, TX, for Respondent.

PER CURIAM.

Like the current statute,[1] former article 4590i required dismissal of a health-care claim if no timely expert report was served, and an award of attorney's fees and costs "incurred" by the defendant. Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 13.01, 1995 Tex. Gen. Laws 985, 986, *repealed by* Act of June 2, 2003, 78th Leg., R. S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884 (hereinafter "article 4590i"). In this case, the trial court granted dismissal but denied attorney's fees because they had been incurred by the defendant's insurer rather than the defendant himself. A divided court of appeals affirmed. 292 S.W.3d 697, 2008 WL 384228. As this reflects a basic misunderstanding of both the statute and liability insurance, we reverse.

More than 20 plaintiffs jointly sued Dr. Wilfredo Aviles, alleging he misrepresented to them that a physician's assistant he employed was a medical doctor. The plaintiffs never filed an expert report, claiming theirs was not a health-care claim. Dr. Aviles moved to dismiss in February 1999. After no less than six hearings over a seven-year period, the trial judge finally decided in August 2006 that

---

1. See TEX. CIV. PRAC. & REM.CODE § 74.351(b)(1) (requiring trial court to award attorney's fees and costs "incurred by the physician or health care provider" if expert report not filed).

the claim was indeed a health-care claim and dismissed it with prejudice. The plaintiffs have not appealed that ruling.

But the trial court denied Dr. Aviles's motion for reimbursement of attorney's fees (even though more than $85,000 had been expended) based on a stipulation by defense counsel that the fees "were paid by the insurance carrier on behalf of the doctor" and "not paid by the doctor personally." The court of appeals affirmed, defining "incur" as "to have liabilities cast upon one" based on an older edition of Black's Law Dictionary.[2] Believing the fees in this case had been "cast upon" the insurer rather than the physician, the court of appeals concluded that Dr. Aviles had incurred no fees. 292 S.W.3d at 699–700.

We disagree. The plaintiffs sued only Dr. Aviles; they could not sue his insurer under the Texas rules barring direct actions. *See* Tex.R. Civ. P. 38(c) (prohibiting direct actions in tort against insurer); Tex.R. Civ. P. 51(b) (same); *Angus Chem. Co. v. IMC Fertilizer, Inc.*, 939 S.W.2d 138, 138 (Tex.1997) (per curiam) ("In Texas, the general rule ... is that an injured party cannot sue the tortfeasor's insurer directly until the tortfeasor's liability has been finally determined by agreement or judgment."). Accordingly, Dr. Aviles was personally liable in the first instance for both defense costs and any potential judgment. That he had previously contracted with an insurer to pay some or all of both does not mean he incurred neither. *See Black v. Am. Bankers Ins. Co.*, 478 S.W.2d 434, 438 (Tex.1972) (holding plaintiff "actually incurred" hospital expenses even though they were eventually paid by Medicare); *see also Allstate Indem. Co. v.*

*Forth*, 204 S.W.3d 795, 796 (Tex.2006) (holding insured had no claim against insurer because, even though she had incurred medical expenses, insurer had discharged them). When Dr. Aviles's insurer paid his attorney's fees on his behalf, the insurer was "stand[ing] in the shoes of its insured." *Sonat Exploration Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228, 236 (Tex.2008).

No other construction complies with the Legislature's explicit purpose for the statute. *See* Tex. Gov't Code § 311.023. As its title suggests, the "Medical Liability and Insurance Improvement Act of Texas" was expressly intended to reduce costs of medical insurance. *See* art. 4590i, § 1.01. The reason for enactment was a "medical malpractice *insurance* crisis in the State of Texas." *Id.* § 1.02(a)(5) (emphasis added). Of the 13 legislative findings stating why Article 4590i was adopted, virtually every one is expressly related to the cost of malpractice insurance. *See id.* § 1.02(a). By refusing to award costs unless no insurance was involved, the court of appeals completely misunderstood the nature and frustrated the purpose of the statute.

Accordingly, without hearing oral argument, Tex.R.App. P. 59. 1, we reverse the judgment of the court of appeals and remand to the trial court for further proceedings and an award of reasonable attorney's fees and costs of court incurred by Dr. Aviles.

---

**2.** *See* Black's Law Dict. 768 (6th ed. 1990) ("To have liabilities cast upon one by act or operation of law, as distinguished from contract, where the party acts affirmatively. To become liable or subject to, to bring down upon oneself, as to incur debt, danger, dis- pleasure and penalty, and to become through one's own action liable or subject to."). The current edition is simpler: "To suffer or bring on oneself (a liability or expense)." Black's Law Dict. 782 (8th ed.2004).