IN THE SUPREME COURT OF TEXAS
 
════════════
No. 10-0002
════════════
 
Samuel T. Jackson, 
Petitioner,
 
v.
 
State Office of Administrative 
Hearings and Shelia Bailey Taylor in her Official Capacity as Chief 
Administrative Law Judge, State Office of Administrative Hearings, 
Respondents
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Third District of 
Texas
════════════════════════════════════════════════════
 
 
Argued December 
18, 2010
 
 
 
Justice Johnson delivered the opinion of 
the Court.
 
 
            
In order to withhold public information requested pursuant to the Texas 
Public Information Act (TPIA) a governmental entity must demonstrate that the 
requested information is not within the scope of the TPIA or that it falls 
within one of TPIA’s specific exceptions to the disclosures requested. 
See Tex. Gov’t 
Code §§ 552.101-.148; City of Garland 
v. Dallas Morning News, 22 S.W.3d 351, 355-56 (Tex. 
2000). In this case, the State Office of Administrative 
Hearings (SOAH) refused to disclose certain decisions and orders in license 
suspension cases related to delinquent child support. The trial court and court 
of appeals agreed with SOAH that the information is expressly excepted from disclosure by the Texas Government Code 
provisions.
            
We hold that the decisions and orders must be disclosed after redaction 
of information expressly excepted from disclosure and not already in a public 
record or otherwise in the public domain. We reverse and remand to the trial 
court for further proceedings.
I. Background
            
Title IV-D of the Social Security Act requires states to designate a 
“Title-IV” agency to administer child support services. See 42 U.S.C. 
§ 654(3); 45 C.F.R. § 303.101. The Office of the Attorney General 
(OAG) is the designated Title-IV agency in Texas. Tex. Fam. Code § 231.001. The Child 
Support Division (Division) of the OAG uses license-suspension proceedings, 
among other methods, to aid it in collecting delinquent child support. 
Id. § 232.003; see id. § 231.001-.309. The Division may issue 
orders suspending an obligor’s license if the obligor (1) owes child support 
exceeding three times the monthly support set by a child support order; (2) has 
been given an opportunity to make payments toward the overdue child support 
under a repayment schedule; and (3) has not complied with the repayment 
schedule. Id. § 232.003(a). The Division 
refers administrative license-revocation proceedings to SOAH pursuant to an 
interagency contract. SOAH administrative law judges conduct contested hearings 
and enter final orders concerning suspension of obligors’ licenses. See 1 
Tex. Admin. 
Code 
§§ 55.208, .212.
            
In 2006, Samuel T. Jackson requested copies of “each decision, opinion[1] or order issued by SOAH during the months 
of November of 2005, December 2005, and January 2006 for the Title IV-D Agency 
of the Office of the Attorney General.” He made the request pursuant to Texas 
Government Code section 552.022(a), which establishes categories of public 
information that must be disclosed unless an express exception renders the 
requested information confidential. At SOAH’s request, the Attorney General 
issued an informal letter ruling and concluded that under section 552.101 of the 
Texas Government Code, together with section 231.108 of the Texas Family Code, 
the Division must withhold the information.
            
Jackson sought a writ of mandamus from the trial court directing SOAH to 
provide the requested information. To support its position, SOAH submitted 
copies of ten representative decisions and orders for the trial court’s in camera review. The decisions and orders, 
which we will refer to as “Orders” for convenience, are for the greatest part 
standardized documents reciting that the statutory requirements for suspending a 
license have been met. Nine of the ten contain no information personal to the 
respondent other than the respondent’s name, the number of the license being 
suspended, and references to the underlying cases in which the trial court 
issued child support orders or judgments for past due support. The Orders 
include findings of fact and conclusions of law, but no information identifiable 
to a particular person beyond that referenced above is included. For example, 
none of the Orders contain the respondent’s social security number, address, 
telephone number, age, birthdate, or place of 
employment. One of the ten Orders contains additional information about the 
respondent. That Order suspends the respondent’s driver’s license, but also 
suspends the suspension based on findings that the respondent is totally 
disabled and receives a specified amount of social security; lives with his 
girlfriend; borrows her car on occasion; and assists in caring for his 
grandchildren. The Orders do not contain information about anyone other than the 
respondents.
            
The trial court denied relief and Jackson appealed. The court of appeals 
concluded that construed together, Texas Government Code section 552.101, Texas 
Family Code section 231.108, and 42 U.S.C. § 654(26) make the information 
confidential. ___ S.W.3d ___, ___. It affirmed. 
Id. We granted Jackson’s petition for review. 54 Tex. Sup. Ct. J. 3 (Oct. 4, 2010).
            
Jackson argues that (1) section 552.101, which establishes exceptions to 
disclosure, does not apply to the categories of information requested here, but 
rather the stricter standard established by section 552.022(a) governs; (2) 
neither Texas Family Code section 231.108 nor 42 U.S.C. § 654(26) 
meets the requirements of Texas Government Code section 552.022(a) and therefore 
neither provides an exception to public disclosure; (3) Texas Family Code 
section 231.108 does not mandate that SOAH’s decisions, orders, and opinions are 
excepted from public disclosure; and (4) pursuant to the TPIA and the 
Declaratory Judgments Act (DJA), he is entitled to attorney’s fees even though 
he is a pro se litigant.
            
SOAH does not dispute Jackson’s contention that section 552.022 is the 
proper section of law under which his request should be considered. 
Nevertheless, it argues that laws recognized under section 552.101 qualify as 
“other law” under section 552.022, and that (1) section 231.208 of the Family 
Code and 42 U.S.C. § 654(26) meet the test set forth by section 552.101, section 
552.022, and In re City of Georgetown, 53 S.W.3d 328 (Tex. 2001); (2) 
SOAH’s Title IV-D decisions and orders are within a category of information that 
is expressly made confidential; and (3) Jackson is not entitled to attorney’s 
fees because he did not hire an attorney to represent him and has not “incurred” 
any attorney’s fees.
II. Discussion
A. Public Information
            
The Texas Legislature promulgated the TPIA with the express purpose of 
providing the public “complete information about the affairs of government and 
the official acts of public officials and employees.” Tex. Gov’t Code § 552.001(a); City of Garland v. Dallas 
Morning News, 22 S.W.3d 351, 355-56 (Tex. 2000). The 
Act is aimed at preserving a fundamental tenet of representative democracy: 
“that the government is the servant and not the master of the people.” Tex. Gov’t Code § 552.001(a). At its 
core, the TPIA reflects the public policy that the people of Texas “insist on 
remaining informed so that they may retain control over the instruments they 
have created.” Id.; see Tex. Comptroller of Pub. Accounts v. Attorney Gen. of Tex., 
___ S.W.3d ___, ___ (2010). To that end, the TPIA directs that 
it be liberally construed in favor of disclosure of requested information. Tex. Gov’t Code § 552.001; see 
Dallas Morning News, 22 S.W.3d at 356.
            
Public information is “information that is collected, assembled, or 
maintained under a law or ordinance or in connection with the transaction of 
official business: (1) by a governmental body; or (2) for a governmental 
body and the governmental body owns the information or has a right of access to 
it.” Tex. Gov’t 
Code § 552.002. 
Public information is available upon request unless it falls into an exception 
provided for in the TPIA. See id. §§ 552.021(a), 
552.101-.148 (providing multiple exceptions to disclosure); In re 
Georgetown, 53 S.W.3d at 331.
B. Exceptions to Disclosure
            
Texas Government Code section 552.101 provides that information is excepted from disclosure 
requirements “if it is information considered to be confidential by law, either 
constitutional, statutory or by judicial decision.” Tex. Gov’t Code § 552.101. In section 
552.022, however, the TPIA sets out eighteen categories of public information 
that are “not excepted from required disclosure under 
[chapter 522] unless they are expressly confidential under other law.” 
Id. § 552.022 (emphasis added). That is, requested information 
falling within the scope of the eighteen categories must be disclosed unless 
there is some express basis in “other law” found outside of the TPIA that not 
only makes the information confidential, but does so expressly. Id.; 
see In re Georgetown, 53 S.W.3d at 334 (noting, in considering whether 
certain attorney work product is confidential, that “[a] law does not have to 
use the word ‘confidential’ to expressly impose confidentiality”).
            
Section 552.022(12) lists, as a category of public information required 
to be disclosed, “final opinions, including concurring 
and dissenting opinions, and orders issued in the adjudication of cases.” Tex. Gov’t Code § 552.022(12). Jackson argues 
that no “other law” expressly makes SOAH’s decisions and orders confidential. 
SOAH urges that federal law and the Texas Family Code are “other law” providing 
a basis for nondisclosure. We will address each statute referenced by SOAH in 
turn, beginning with federal law.
C. Federal Law
            
The Social Security Act sets out requirements for a “state plan for child 
and spousal support.” 42 U.S.C. § 654. As 
prerequisites for federal funding, these programs must provide child support 
establishment, enforcement, and modification services, medical support 
enforcement, and parent locator services. Doretha 
Smith Henderson, Title IV-D and Child Support Enforcement: Confusion and 
Misinformation Abound, 65 Tex. B.J. 504, 506 
(2002). The Texas Legislature has ensured Texas’s 
compliance with these requirements through various statutes governing child 
support. Id.; see, e.g., Tex. Fam. Code chs. 158, 231. 
The federal legislation also requires that a State plan for child support 
must
 
have in 
effect safeguards, applicable to all confidential information handled by the 
State agency, that are designed to protect the privacy rights of the parties, 
including--
(A) safeguards against unauthorized use or disclosure of 
information relating to proceedings . . . used to . . . 
enforce support.
 
42 U.S.C. § 654(26). SOAH argues that the language 
“relating to proceedings . . . to 
. . . enforce support” in the federal statute encompasses the 
information Jackson seeks. SOAH contends that 42 U.S.C. § 654(26) is 
express “other law” that entirely excepts its decisions 
and orders from disclosure. We disagree. Neither the language 
of 42 U.S.C. § 654(26) nor that of Texas Government Code section 552.022 
cuts as broadly as SOAH contends.
            
Title 42 U.S.C. § 654 directs states to implement safeguards designed to 
protect the privacy rights of parties and confidential information related to 
child support. But the statute does not specify what information is 
confidential, nor does it expressly preclude disclosure of all information 
related to child support and child support proceedings. Nor do the relevant 
federal regulations expressly except non-confidential parts of SOAH’s decisions 
and orders from the TPIA’s mandate to disclose. See 45 C.F.R. 
§ 303.21.
            
The TPIA directs courts to strictly construe its language in order to 
promote open government unless the information sought is “expressly made 
confidential under other law.” Tex. 
Gov’t Code § 552.022(a); see id. § 552.001. We disagree 
with SOAH and the court of appeals insofar as they conclude that 42 U.S.C. 
§ 654(26) provides an express exception to disclosure for SOAH’s decisions 
and orders in their entirety.
D. The Texas Family Code
            
Section 231.108(a) of the Family Code provides, in relevant part, 
“[e]xcept as [otherwise] provided . . . all files and 
records of services provided under this chapter, including information 
concerning a custodial parent, noncustodial parent, child, and an alleged or 
presumed father, are confidential.” Tex. 
Fam. Code 
§ 231.108. SOAH argues, and the court of appeals 
agreed, that this directive provides “other law” as described in Texas 
Government Code section 552.022 and makes all the information Jackson seeks 
expressly confidential. ___ S.W.3d ___. The 
court of appeals reasoned that the information contained in the files and 
records is made expressly confidential under Texas Family Code section 
231.108(a), “and it would undo federal and state legislative intent to require 
the disclosure of confidential information merely because the statutes do not 
use the words ‘opinion,’ ‘decision,’ or ‘order’ in their clear directives to 
keep the information from public disclosure.” Id. at 
___. SOAH argues that the language “information concerning” is broad 
enough to include the entirety of the Orders Jackson requested. Again, we 
disagree.
            
Jackson does not seek disclosure of “files and records of services,” 
provided under chapter 231 as they are referenced in Family Code section 
231.108. Rather, he requested decisions and orders relating to license 
suspension proceedings. Family Code chapter 232, not 231, governs license 
suspension proceedings. See Tex. 
Fam. Code ch. 232. And chapter 232 does not 
expressly except an agency’s decisions, orders relating to the proceedings, or 
information in them, from public disclosure. See id.
            
But we conclude that while section 231.108 does not provide a basis to 
withhold the decisions and orders in their entirety, the statute expressly 
provides that information obtained during provision of services under Chapter 
231 is confidential, “including information concerning a custodial parent, 
noncustodial parent, child, and an alleged or presumed father.”[2] To the extent that such information 
appears within the decisions and orders requested by Jackson, it must be 
redacted. See id. § 231.108(a) (excepting from public disclosure 
“all files and records of services provided under this Chapter”) 
(emphasis added). This is, of course, unless the information is already part of 
the public domain because it appears in public documents.[3]
            
Looking to its plain language, section 231.108 does not provide an 
exception for information obtained in the course of a Chapter 232 
license-suspension proceeding. Compare id. § 231.108, with 
id. ch. 
232. Therefore, any information obtained during chapter 232 proceedings 
that appears in the decisions and orders is public information unless “other 
law” beyond the TPIA expressly makes such information confidential. See 
Tex. Gov’t Code § 552.022. SOAH does not 
argue that any such exception applies to the specific information contained in 
the decisions and orders Jackson requested, other than the provisions of Chapter 
231.[4] If there are other laws excepting the 
information from required disclosure under the TPIA, SOAH must disclose the 
decisions and orders after redacting that information, which includes 
information obtained during provision of Chapter 231 services and not contained 
in public records other than the SOAH decisions and orders.
            
Considering the overarching principle of open government that has long 
been the public policy of this State, requiring release of SOAH’s Orders after 
redaction of such information is more faithful to the language of the statute 
and Texas public policy than a blanket withholding of the Orders altogether. 
See id. at 552.001. Thus, we disagree with SOAH 
and the court of appeals insofar as they conclude that Texas Family Code section 
231.108(a) provides an exception to disclosure for SOAH’s Orders in their 
entirety.
            
We take at face value SOAH’s argument that deleting or redacting 
confidential information from its decisions and orders will take time, but the 
ten representative Orders submitted in this case do not demonstrate that 
redacting confidential information will be overly burdensome, because relatively 
few redactions will have to be made.
            
To begin, the Orders are not lengthy: five of the ten are one page long, 
four are three pages long, and one is four pages long. The one-page Orders deny 
a motion for rehearing, dismiss the proceedings, stay a license suspension, 
vacate a license suspension, and grant proposed consent Orders. Three of those 
Orders do not contain any information about the respondent other than his name; 
they do not even include the number of the suspended license. The respondent’s 
license number appears in six of the seven remaining orders. In only one order 
does information about the respondent appear that goes beyond the respondent’s 
name and the number of the suspended license. Assuming 
the information was disclosed during provision of Chapter 231 services, 
including information concerning a custodial parent, noncustodial parent, child, 
and an alleged or presumed father, and is not a part of public documents, that 
information should be protected from disclosure. See Tex. Fam. Code § 231.108(a). It is 
gathered into one paragraph so it would take minimal time to redact.
E. Court Orders and Court Records
            
The parties dispute whether SOAH’s orders constitute 
“court orders” and thus they dispute the applicability of Government Code 
section 552.022(17), which lists as a category of public information 
“information that is also contained in a public court record.” Tex. Gov’t Code § 552.022(17). Assuming 
without deciding that SOAH’s decisions and orders fall under section 
552.022(17), the result in this case is the same. However, our analysis in 
regard to section 552.022(12) applies: redactions must be made of information 
obtained during the provision of Chapter 231 services that is not in a public 
record and of any other information expressly made confidential by other 
law.
            
Jackson also argues that Texas Government Code section 2001.004(3) 
creates a right of access to SOAH’s decisions and orders. In relevant part, the 
Administrative Procedure Act (APA) provides, “In addition to other requirements 
under law, a state agency shall 
. . . make available for public inspection all final 
orders, decisions, and opinions.” Tex. 
Gov’t Code 
§ 2001.004(3). But this general 
requirement of disclosure conflicts with the more specific provisions in the 
Texas Family Code pertaining to Title IV-D information. See, e.g., Tex. Fam. Code § 231.108. We have 
recently reiterated the rule that “a specific statutory provision prevails as an 
exception over a conflicting general provision.” Tex. 
Lottery Comm’n v. First State Bank of 
DeQueen, 325 S.W.3d 628, 637 (Tex. 2010); 
see Tex. Gov’t 
Code § 311.026(b). 
Moreover, as a matter of statutory construction, “if statutes are 
irreconcilable, the statute latest in date of enactment prevails.” First 
State of Bank DeQueen, 325 S.W.3d at 637; 
see Tex. Gov’t 
Code 
§ 311.025(a).
            
The Texas Legislature enacted the APA in 1975. See Act of Apr. 8, 
1975, 64th Leg., R.S., ch. 61, § 4, 1975 Tex. 
Gen. Laws 136, 137 (amended 1991).[5] The requirement that certain Title IV-D 
information remain confidential first appeared in 1985 in the Human Resources 
Code. See Act of May 27, 1985, 69th Leg., R.S., ch. 232, § 15, 1985 Tex. Gen. Laws 1158, 1171. The 
statute was reworded to its current version in 1989 and reenacted in 1993. 
See Act of July 14, 1989, 71st Leg., 1st C.S., ch. 25, § 39, 1989 Tex. Gen. Laws 74, 89-90; Act of May 
13, 1993, 73rd Leg., R.S., ch. 261, § 3, 1993 
Tex. Gen. Laws 567, 568. Because section 231.108 of the Family Code is both the 
more specific and the later-enacted statute, we agree with SOAH that the Family 
Code prevails to the extent it conflicts with 2001.004 of the APA. See First 
State Bank of DeQueen, 325 S.W.3d at 637.
            
Jackson also asserts that section 155.31(m)(3) 
(now section 155.423) and section 155.47 (now section 155.409) of the Texas 
Administrative Code compel disclosure of the documents he seeks. Section 155.423 
makes SOAH records open to the public unless sealed by the court and section 
155.409 makes SOAH proceedings open to the public. See 1 Tex. Admin. 
Code §§ 155.409, 
155.423. Because Texas Family Code section 231.108 is the 
more specific statute, and for the reasons set forth above, we agree with SOAH 
that the Family Code prevails over the provisions referenced by Jackson to the 
extent of any conflict. The referenced sections of the Administrative Code do 
not require greater disclosure of information than that we have already 
determined is required by the TPIA. See First State Bank of DeQueen, 325 S.W.3d at 637.
            
Finally, Jackson argues that Texas Rule of Civil Procedure 76a, regarding 
the sealing of district court records, would compel disclosure in this case. The 
rule provides that
 
Court 
records may not be removed from court files except as permitted by statute or 
rule. No court order or opinion issued in the adjudication of a case may be 
sealed. Other court records, as defined in this rule, are presumed to be open to 
the general public and may be sealed only upon a showing of all of the 
following
 
(a) a specific, serious and substantial interest which clearly 
outweighs:
(1) 
this presumption of openness;
(2) 
any probable adverse effect that sealing will have upon 
the general public health or safety;
(b) no less restrictive means than sealing records will 
adequately and effectively protect the specific interest asserted.
 
 
Tex. R. Civ. P. 76a.[6] SOAH responds that Rule 76a does not 
apply to the documents Jackson seeks because SOAH is not a court and hence SOAH 
records are not “court records” under Rule 76a. SOAH also points out even if the 
rule did apply to SOAH, it is trumped by the TPIA to 
the extent of inconsistent provisions. We agree.
            
We need not decide whether Rule 76a applies to SOAH, nor whether the documents Jackson requested are court orders. 
If they were, Rule 76a would conflict with Texas Family Code section 231.108 to 
the extent Rule 76a would require disclosure of information in SOAH’s decisions 
and orders that we have already determined must be redacted. “[W]hen a rule of 
procedure conflicts with a statute, the statute prevails unless the rule has 
been passed subsequent to the statute and repeals the statute as provided by 
Texas Government Code § 22.004.” Johnstone 
v. State, 22 S.W.3d 408, 409 (Tex. 2000); see Tex. Gov’t Code § 22.004; Few 
v. Charter Oak Fire Ins. Co., 463 S.W.2d 424, 425 (Tex. 1971) (“[Where a] 
rule of the court conflicts with a legislative enactment, the rule must 
yield.”). Jackson does not argue that Rule 76a was passed subsequent to the TPIA 
or the Texas Family Code.[7] Further, as explained above, a more 
specific statute will prevail over a conflicting general provision. See 
Tex. Gov’t Code § 311.026; 
First State Bank of DeQueen, 325 S.W.3d at 637. 
Here, the TPIA and Family Code provisions directly address the confidentiality 
of certain information Jackson requested. Therefore, even assuming Rule 76a 
applies, it is trumped by the TPIA and Texas Family 
Code to the extent of any conflicts and does not affect our conclusion as to 
what information is excepted from disclosure.
E. Conclusion
            
The decisions and orders Jackson requested must be disclosed. See 
Tex. Gov’t Code § 552.002. The 
Legislature has clearly expressed its intent that exceptions to disclosure be 
construed narrowly. See Tex. 
Gov’t Code § 552.001; In re Georgetown, 53 S.W.3d at 340 
(“‘When the Legislature has intended to make information confidential, it has 
not hesitated to so provide in express terms.’” (quoting Birnbaum v. 
Alliance of Am. Insurers, 994 S.W.2d 766, 776 (Tex. App.—Austin 1999, pet. 
denied)); see also Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 
535, 540 (Tex. 1981) (“[E]very word of a statute must be presumed to have been 
used for a purpose. Likewise, we believe every word excluded from a statute must 
also be presumed to have been excluded for a purpose.”) (citations omitted). We decline to read the language of the 
statute broader than it is written and we conclude that the purpose and intent 
of the TPIA can be fulfilled by disclosing the requested documents with 
redactions. See City of Fort Worth v. Cornyn, 86 S.W.3d 320, 326 (Tex. App.—Austin 2002, no 
pet.) (“To find otherwise would also be inconsistent with the 
Legislature’s directive to liberally construe the Act in favor of disclosure.”). 
We therefore hold that SOAH must disclose the requested decisions and orders 
after redaction of any information obtained during provision of Chapter 231 
services, such as information concerning a custodial parent, noncustodial 
parent, child, and an alleged or presumed father, that was not already in the 
public domain.
III. Attorney’s Fees
            
Jackson argues that he is entitled to attorney’s fees under section 
552.323 of the TPIA and section 37.009 of the Declaratory Judgments Act (DJA). 
He concedes case law is “fairly uniform” that a pro se litigant is not entitled 
to attorney’s fees, but argues that his case is distinguishable because he is a 
licensed attorney. He also urges that public policy supports awarding his costs 
for challenging the unreasonable denial of his right of access to judicial 
documents. We disagree.
A. The TPIA
            
The TPIA provides that a party may recover attorney’s fees “incurred.” 
The statute specifies, in relevant part:
 
(a) In an 
action brought under Section 552.321 or 552.3215, the court shall assess costs 
of litigation and reasonable attorney fees incurred by a plaintiff who 
substantially prevails, except that the court may not assess those costs and 
fees against a governmental body if the court finds that the governmental body 
acted in reasonable reliance on:
(1) a judgment or an order of a court applicable to the 
governmental body;
(2) the published opinion of an appellate court; or
(3) a written decision of the attorney general, including a 
decision issued under Subchapter G or an opinion issued under Section 
402.042.
 
Tex. Gov’t Code § 552.323(a).
            
In Garcia v. Gomez, a case brought under the Texas Medical 
Liability Act, we explained that the word “incurred,” as it relates to an award 
of attorney’s fees, “act[s] to limit the amount of attorney’s fees the trial 
court may award.” 319 S.W.3d 638, 642 (Tex. 2010). We 
have also said that “[a] fee is incurred when one becomes liable for it.” 
Id.; see also Aviles v. Aguirre, 292 S.W.3d 648, 649 (Tex. 2009). 
Jackson represented himself, so he did not incur attorney’s fees as that term is 
used in its ordinary meaning because he did not at any time become liable for 
attorney’s fees. See Aviles, 292 S.W.3d at 649; Cont’l Cas. Ins. Co. v. Functional Restoration Assocs., 
19 S.W.3d 393, 399 (Tex. 2000) (“[W]e may presume the Legislature intended the 
plain meaning of its words.”).
            
Jackson cites Cazalas v. U.S. Dep’t 
of Justice, 709 F.2d 1051 (5th Cir. 1983), to support his contention that 
pro se attorney-litigants can recover attorney’s fees. While it is true that in 
Cazalas the Fifth Circuit allowed such a 
recovery, subsequent decisions seem to indicate that Cazalas is no longer the prevailing law. See Kay 
v. Ehrler, 499 U.S. 432, 435 (1991); Burka v. U.S. Dep’t of Health & Human Servs., 142 F.3d 1286, 1287-89 (D.C. Cir. 
1998). In Kay the United States Supreme Court clarified that an attorney 
representing himself in a civil rights case was not eligible for the award. 
See 499 U.S. at 437. The Supreme Court reasoned that the word “attorney” 
“assumes an agency relationship” and that Congress’s objective was to “enable 
potential plaintiffs to obtain the assistance of competent counsel.” Id. 
at 435-36; see Burka, 142 F.3d at 1289 
(refusing to award attorney’s fees to a pro se attorney-litigant who prevailed 
on a Federal Freedom of Information Act claim). A pro se attorney-litigant, the 
Court opined, is bereft of the benefits an independent third party brings “in 
framing the theory of the case . . . and in 
making sure that reason, rather than emotion, dictates the proper tactical 
response to unforeseen developments in the courtroom.” Kay, 499 U.S. at 
437. The Supreme Court concluded that an award of attorney’s fees to a 
successful pro se attorney-litigant would not serve “[t]he statutory policy of 
furthering the successful prosecution of meritorious claims” because it would 
disincentivize attorneys “to retain counsel in every 
such case.” Id. at 438; Burka, 142 F.3d at 1289.
            
After the Supreme Court’s decision in Kay, the majority view in 
federal courts turned against the award of attorney’s fees to pro se 
attorney-litigants.[8] Burka, 
142 F.3d at 1288-89 (“Virtually all other courts that have considered the issue 
since Kay have reached a similar conclusion.”). And we find the reasoning 
in Burka persuasive in light of the 
similarities between the Federal Freedom of Information Act and the TPIA. 
Compare 5 U.S.C. § 552(a)(4)(E)(I) (“The court may assess against 
the United States reasonable attorney fees and other litigation costs reasonably 
incurred in any case under [the Freedom of Information Act] in which the 
complainant has substantially prevailed.”), with Tex. Gov’t Code § 552.323 (“In an 
action brought under [the TPIA], the court shall assess costs of litigation and 
reasonable attorney fees incurred by a plaintiff who substantially prevails . . . .”).
            
In light of the foregoing, we hold that Jackson cannot recover fees from 
SOAH under the TPIA.
B. The DJA
            
Jackson also claims entitlement to attorney’s fees under section 37.009 
of the Texas Civil Practice and Remedies Code. That section provides, “In any 
proceeding under this chapter, the court may award costs and reasonable and 
necessary attorney’s fees as are equitable and just.” Tex. Civ. Prac. & Rem. 
Code § 37.009.
            
In MBM Financial Corp. v. Woodlands Operating Co., we considered 
whether a breach of contract claimant who could not recover attorney’s fees 
under Chapter 38 of the Civil Practice and Remedies Code could nevertheless 
recover fees under the DJA. 292 S.W.3d 660, 668 (Tex. 
2009). We noted that regardless of whether declaratory judgments are 
available in tandem with all other claims, the same is not necessarily true of 
claims for attorney’s fees under the DJA. Id. at 669 
(“If repleading a claim as a declaratory judgment 
could justify a fee award, attorney’s fees would be available for all parties in 
all cases.”). We further explained that allowing fees under the DJA would 
frustrate the limits imposed by the specific provisions governing attorney’s 
fees for breach of contract claims. Id. at 
670.
            
The same reasoning applies here: allowing Jackson to recover attorney’s 
fees under the DJA when he cannot meet the requirements for their recovery under 
the TPIA would frustrate the limits established by the TPIA. Furthermore, we 
have explained that an award of attorney’s fees under the DJA is unavailable if 
the claim for declaratory relief is merely incidental to other claims for 
relief. John G. & Marie Stella Kenedy Mem’l Found. v. Dewhurst, 90 S.W.3d 268, 289 (Tex. 
2002). Here, Jackson’s claim against SOAH arises specifically under the TPIA, 
yet he argues that because he also sought disclosure under other statutes and 
rules he should not be limited to the TPIA to recover fees.[9] We hold that his claims for attorney’s 
fees are incidental to his central theory of relief which arises squarely under 
the TPIA. See MBM Fin. Corp., 292 S.W.3d at 660 (“While the Legislature 
intended the Act to be remedial, it did not intend to supplant all other 
statutes and remedies.”). Thus, we hold that Jackson cannot recover attorney’s 
fees under the DJA.
IV. Conclusion
            
We reverse the court of appeals’ judgment. We remand the cause to the 
trial court for further proceedings consistent with this opinion.
 
 
 
                                                                        
________________________________________
                                                                        
Phil Johnson
                                                                        
Justice
 
 
OPINION DELIVERED: July 1, 
2011






[1] 
SOAH asserts that SOAH administrative law judges 
do not issue opinions and Jackson does not argue otherwise. Therefore we will 
limit our discussion to decisions and orders.

[2] 
Chapter 231 services concern (A) administration of 
the Title IV-D program; (B) services provided by the Title IV-D program, such 
as, for example, child support services relating to eligibility, assignment of 
payments, and paternity establishment; (C) payment of fees and costs to the 
Title IV-D agency; (D) location of parents and resources. See Tex. Fam. Code ch. 231 subsecs. (A)-(D).

[3] 
Construing section 231.108(a) to require redaction 
of information already available in the public domain would be nonsensical. 
See id. Indeed, a well established canon of construction dictates 
that “the text is the best expression of legislative intent unless a different 
meaning is apparent from the context or the plain meaning leads to absurd or 
nonsensical results.” Molinet v. Kimbrell, ___ S.W.3d ___, ___ (Tex. 
2011).

[4] 
Because SOAH does not argue that any such 
exception applies other than those considered here, we do not address whether 
existing “other law” would expressly except information 
in the Orders. See In re Georgetown, 53 S.W.3d at 332 
(explaining that under section 552.022, “other law” includes statutes and 
judicially promulgated rules, such as rules of evidence and procedure). 
This Court has recognized “other law” that operates as an express exception to 
public disclosure under section 552.022. See, 
e.g., Tex. Dep’t of Pub. Safety v. Cox Tex. 
Newspapers, ___ S.W.3d ___, ___ (Tex. 2011) (holding that the 
common law right to be free from physical harm excepts core public information 
from disclosure if disclosure “would pose a substantial threat of physical 
harm”); In re Georgetown, 53 S.W.3d at 336 (concluding that Texas Rules 
of Civil Procedure 192.3(e) and 192.5 and Texas Rule of Evidence 503(a)(5), 
(b)(1) provide express exceptions to public disclosure of core public 
information).

[5] 
The Legislature recodified the APA in 1993, and section 2001.004 was added 
to the Government Code at that time. See Act of May 4, 1993, 73rd Leg., 
R.S. ch. 261, §§ 1, 47, 1993 Tex. Gen. Laws 583, 
735. The Legislature did not make any substantive changes to section 2001.004. 
Id.

[6] 
SOAH’s own rule of procedure concerning sealing of 
documents in a contested case tracks the language of Rule 76a. See 1 Tex. Admin. 
Code § 155.31(m)(3) (now section 
155.423).

[7] 
Texas Rule of Civil Procedure 76a was not passed 
subsequent to Texas Government Code section 552.022. Rule 76a became effective 
September 1, 1990. See Tex. R. 
Civ. P. 76a. The Legislature passed Texas Government Code section 552.022 
in 1999. See Act of May 23, 1999, 76th Leg., R.S., ch. 1319, § 5, 1999 Tex. Gen. Laws 4501, 4501-02 
(current version at Tex. Gov’t Code 
§ 552.022).

[8] 
We note that the Fifth Circuit’s opinion in 
Interstate Commerce Commission was issued three months after the Supreme 
Court’s opinion in Kay. See 935 F.2d 728 
(5th Cir. 1991). But, as Burka points out, 
Interstate Commerce Commission does not mention Kay at all in its 
analysis of awarding attorney’s fees to pro se attorney-litigants. Burka, 142 F.3d at 1290. 
See generally Interstate Commerce Comm’n, 935 F.2d 728. Interstate Commerce 
Commission is now considered an outlier on the issue in the federal courts. 
See Burka, 142 F.3d at 
1290.

[9] 
We do not reach SOAH’s argument that section 
552.3215 of the TPIA, which authorizes the attorney general and local 
prosecutors to bring actions for injunctive and declaratory judgment, forecloses 
declaratory relief for private individuals seeking information under the 
TPIA.