Opinion issued July 14, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00541-CV

———————————

Ansell Healthcare Products, Inc., Appellant

V.

United
Medical, Appellee



 



 

On Appeal from the 125th District Court

Harris County, Texas



Trial Court Case No. 2000-03832

 



 

O P I N I O N

          Ansell
Healthcare Products, Inc. appeals from a judgment in favor of United Medical on
its claim for indemnity under Section 82.002 of the Texas Civil Practices and
Remedies Code (the “CPRC”). Ansell contends that United Medical failed to
properly segregate its indemnifiable losses, that the attorney’s fees award is
unreasonable as a matter of law, and that trial court erred by failing to make
the appellate attorney’s fees awards contingent on success on appeal. We
conclude that the evidence supports the trial court’s awards for indemnity and
attorney’s fees but that the award for appellate attorney’s fees must be
conditioned on which party prevails on appeal. We modify the award of appellate
attorney’s fees accordingly and affirm the judgment as modified.

Background

          After
her daughter, Cheyanne, suffered an allergic reaction to latex gloves while at
Texas Children’s Hospital, Lisa Talley brought a products liability action
against more than thirty defendants that Talley alleged were “in the business
of manufacturing, designing, assembling, fabricating, distributing, supplying,
and/or selling latex-containing products and specifically latex gloves used
generally in the health care field and more specifically during multiple
surgeries performed at Texas Children’s hospital on [Cheyanne.]” United Medical
and Ansell were among the defendants named in Talley’s suit. United Medical
filed a cross-action for indemnity against Ansell and other defendants. 

In 2002, Talley nonsuited her
claims against United Medical. United Medical then filed a motion for partial
summary judgment on its cross-claims against Ansell and another defendant,
Safeskin Corporation, on the basis of Chapter 82 of the CPRC. United Medical
argued that it was an innocent seller under Chapter 82 and thus entitled to indemnification
for its expenses in defending the Talley claims from Ansell and Safeskin, who
manufactured the latex gloves United Medical sold to Texas Children’s Hospital.
See Tex.
Civ. Prac. & Rem. Code § 82.002(a) (“A manufacturer shall indemnify and hold harmless a seller
against loss arising out of a products liability action, except for any loss
caused by the seller’s negligence, intentional misconduct, or other act or omission,
such as negligently modifying or altering the product, for which the seller is
independently liable.”). The trial court granted United Medical’s partial
summary judgment on liability against Ansell and Safeskin. 

Subsequently, United Medical settled
with Safeskin, and Ansell settled with Talley. For years after the summary
judgment on liability and the resolution of the Talley claims, United Medical
and Ansell hotly contested the scope of Ansell’s indemnification duty to United
Medical. From 2003 through 2010, Ansell and United Medical filed numerous,
voluminous motions in the trial court, including motions for partial or
complete summary judgment. The trial court denied these motions and conducted a
bench trial to determine the amount of Ansell’s indemnity obligation to United
Medical. At trial, United Medical presented expert testimony that its
recoverable attorney’s fees totaled $329,781.30. According to the testimony,
this figure consisted of United Medical’s reasonable and necessary attorney’s fees
incurred for (1) defending the Talley claims with respect to Ansell, exclusive
of fees relating to Safeskin and fees incurred after United Medical was
nonsuited, and (2) prosecuting its indemnity claim against Ansell through the
end of trial. The trial court expressly found this testimony to be credible. Ansell
put on expert testimony that United Medical should have expended minimal
efforts to defend the Talley claims because, as a pass-through distributor
protected under Chapter 82 of the CPRC, United Medical had little or no risk.
Ansell’s expert testified that reasonable and necessary attorney’s fees for
United Medical to defend the Talley claims would have been $22,475 and that
none of this amount was attributable to Ansell’s product as opposed to Safeskin’s
product. The trial court expressly found this testimony to be less credible
than the expert testimony offered by United Medical. 

After the close of evidence, the
trial court entered judgment awarding United Medical:

·       
$74,037.11 plus interest pursuant to Ansell’s Chapter 82 indemnification
obligation in the Talley action, 

·       
$249,220.49 for attorney’s fees in prosecution of the indemnity claim
against Ansell through trial,

·       
$30,000 in
attorney’s fees in the event of an appeal to the court of appeals,

·       
$12,500 in the
event of a petition for review to the Texas Supreme Court, and 

·       
$15,000 in the
event review is granted by the Texas Supreme Court.

This appeal ensued.

Standard of Review

          Ansell’s
appeal presents both questions of law and questions touching on the sufficiency
of the evidence. We review questions of law de novo. In re Humphreys, 880 S.W.2d 402, 404 (Tex. 1994); Harris
Cnty. Appraisal Dist. v. Wilkinson,
317 S.W.3d 763, 766 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). In
conducting a legal sufficiency review, we review the evidence presented below
in the light most favorable to the judgment, crediting favorable evidence if
reasonable jurors could and disregarding contrary evidence unless reasonable
jurors could not. Del Lago Partners, Inc.
v. Smith, 307 S.W.3d 762, 770 (Tex. 2010); City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). So long as the evidence falls within
the zone of reasonable disagreement, we may not substitute our judgment for
that of the fact-finder. City of Keller, 168 S.W.3d at 827. The trier of fact is the sole judge of
the credibility of the witnesses and the weight accorded to their testimony. Id.
at 819. 

In a factual sufficiency review, the court must examine the
evidence both supporting and contrary to the judgment. See Dow Chem. Co. v.
Francis, 46 S.W.3d 237, 242 (Tex. 2001). In reviewing a factual-sufficiency
challenge to a jury finding on an issue on which the party did not have the
burden of proof, we consider and weigh all of the evidence and set aside the
verdict only if the evidence that supports the jury finding is so weak as to
make the verdict clearly wrong and manifestly unjust. Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986). Because it is the fact-finder’s province to
resolve conflicting evidence, we must assume that the fact-finder resolved all
evidentiary conflicts in accordance with its decision if a reasonable person
could have done so. See Golden Eagle Archery, Inc. v. Jackson, 116
S.W.3d 757, 761 (Tex. 2003). An appellate court may not impose its own opinion
to the contrary of the fact-finder’s implicit credibility determinations. Id.

The Indemnity Award

          A.      Chapter 82’s Duty to Indemnify

With certain exceptions, Chapter 82
of the CPRC obligates manufacturers to indemnify innocent sellers from products
liability actions arising out of their products. Tex. Civ. Prac. & Rem. Code Ann. § 82.002. This duty is a
creature of statute, new and distinct from the duties owed by manufacturers
under the common law. Owens
& Minor, Inc. v. Ansell Healthcare Prods., Inc., 251 S.W.3d 481, 483–84 (Tex. 2008)
(comparing common law duty to statutory duty); Fitzgerald v. Advanced Spine
Fixation Sys., Inc., 996
S.W.2d 864, 866 (Tex. 1999) (“The duty [to indemnify] is a new, distinct
statutory duty . . . .”). Over the years since its enactment, the Supreme Court
of Texas has provided guidance on nature of the duty to indemnify under Chapter
82. E.g., Owens & Minor, Inc.,
251 S.W.3d 481 (clarifying who is a “manufacturer” under the Act and the scope
of the manufacturer’s duty); Meritor Auto., Inc. v. Ruan Leasing Co., 44 S.W.3d 86 (Tex. 2001)
(clarifying what is included in a “products liability action” under the Act and
when the exclusion for a seller’s own misconduct applies); [1]
Fitzgerald, 996 S.W.2d
864 (clarifying who is a “seller” under the Act).[2]


          In Owens
& Minor, which also arose out of a latex allergy products liability
action against multiple manufacturers and sellers, seller-defendant Owens
sought to recover Chapter 82 indemnity from Ansell and another
manufacturer-defendant, Becton, Dickinson and Company, even though Ansell and
Becton were not the manufacturers of the products sold by Owens. 251 S.W.3d at 482.
Ansell and Becton offered to defend and indemnify Owens against the products
liability action, but only with respect to their own products. Id. Owens rejected these offers, and the
products liability plaintiff ultimately nonsuited Owens. Id. at 483. Owens filed cross-claims for indemnity from Ansell,
Becton, and other manufacturer-defendants with which Owens later settled. Id. Ansell and Becton moved for summary
judgment on Owens’s cross-claims on the ground that they had satisfied their
Chapter 82 indemnity obligation by offering to defend and indemnify Owens with
respect to their own products. The trial court granted the summary judgment. 

On appeal, Owens argued that it was entitled to indemnity from
Ansell and Becton regardless of whether they were the manufacturers of the
products it sold. The Supreme Court of Texas disagreed. The supreme court
observed that the plaintiff’s pleadings were sufficient to trigger each
manufacturer-defendant’s duty of indemnification, but this duty did not make
each manufacturer liable to indemnify every seller in the case for all of its
costs. Id. at 484. The court held
that an entity qualifies as a “manufacturer” under Chapter 82 only with respect
to the products it manufactured. Id.
at 485; see also Tex. Civ. Prac. & Rem. Code Ann. § 82.001(4) (defining
“manufacturer” as “a person
who is a designer, formulator, constructor, rebuilder, fabricator, producer,
compounder, processor, or assembler of any product or any component part
thereof and who places the product or any component thereof in the stream of
commerce”). Thus, the court concluded that a manufacturer’s duty to indemnify
under Chapter 82 extends only to claims related to the sale of the
manufacturer’s own products. Id. at
489; see also id. (Brister, J., concurring)
(“[A] retailer is not required to prove that a defendant’s product
caused the plaintiff’s injury (and thus its own defense costs), only that a
plaintiff’s allegation about the defendant’s product did so.”) 

B.      United
Medical’s Indemnifiable Costs

In its first argument on appeal, Ansell contends that, under
Owens & Minor, United Medical was
required to “segregate its defense costs between manufacturers named in the
Talleys’ pleadings” and failed to do so. Ansell asserts that the reason United
Medical sought indemnity only from Ansell and Safeskin was that discovery
showed that these were the only manufacturers whose products United Medical
sold to Texas Children’s Hospital, where Cheyanne’s injury occurred. Ansell argues that this was
impermissible because, under Fitzgerald,
the duty of indemnification arises out of the pleadings and subsequent
discovery may not be considered. 

Meritor Automotive, Owens & Minor, and Fitzgerald
set up three parameters for determining the Chapter 82 indemnity obligations
between a seller and a manufacturer. 

First, is the claim part of a products liability action? See Meritor
Automotive, 44
S.W.3d at 89–90. Here, the parties do not dispute that the answer to this
question is “yes.” 

Second, is the party seeking indemnity an innocent seller to
which an indemnity duty is owed? See Fitzgerald,
996 S.W.2d at 867. Under Fitzgerald,
the answer to this question is “yes” if the party satisfies the criteria for an
innocent seller under the Act and liability is asserted against the party on
the basis of its alleged sale of a manufacturer’s product. 996 S.W.2d at 867; see also also Tex. Civ.
Prac. & Rem. Code Ann. §§ 82.001(3) (defining “seller” as “a person
who is engaged in the business of distributing or otherwise placing, for any
commercial purpose, in the stream of commerce for use or consumption a product
or any component part thereof”), 82.002(a) (providing for indemnity of innocent
seller—i.e., seller whose loss was
not caused by its own, independent misconduct). Here, the answer to this second
question is “yes” because Talley alleged that United Medical was liable for its
sale of latex gloves manufactured by Ansell, Safeskin, and/or other defendants and
there is no finding that United Medical engaged in any independent misconduct. See
Fitzgerald, 996 S.W.2d at 867; see
also Meritor Automotive, 44 S.W.3d at 91 (holding that
statutory exception for seller’s independent misconduct arises only when established
by finding).

Third, is the party from whom
indemnity is sought a “manufacturer” who owes a duty to indemnify sellers, and
if so, what is the scope of that duty? See Owens & Minor, 251 S.W.3d at 486–89. Here, Ansell is a manufacturer of latex
gloves sold by United Medical. The dispute is over the scope of Ansell’s
indemnification duty to United Medical. Under Owens & Minor,
Ansell’s duty extends only to defense costs incurred with respect to claims
related to the latex gloves manufactured by Ansell. Id. at 489. At
trial, United Medical put on expert testimony that the expenses it sought to
recover with regard to defending the Talley claims were only those relating to
gloves manufactured by Ansell. United Medical put on evidence that it had also
incurred costs in defending claims relating to latex gloves manufactured by
Safeskin, but it excluded those costs from the costs it sought to recover from
Ansell. 

Ansell’s position on appeal is
that United Medical necessarily incurred some costs in defense of products
manufactured by the other named manufacturer-defendants, and that it failed to
account for those costs by subtracting them from the expenses incurred in
defending the Talley claims. We disagree that United Medical necessarily
incurred costs in defending claims relating to other manufacturer’s latex
gloves but not Ansell’s gloves. Some of United Medical’s legal work may have
been useful with respect to all claims asserted against it, but when litigation
costs are reasonably and necessarily incurred in defense of a claim for which
costs are recoverable, they are not rendered unrecoverable merely because they
are also reasonable and necessary with respect to other claims for which costs
are not recoverable. See Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.3d
299, 313 (Tex. 2006) (“Requests
for standard disclosures, proof of background facts, depositions of the primary
actors, discovery motions and hearings, voir dire of the jury, and a host of
other services may be necessary whether a claim is filed alone or with others.
To the extent such services would have been incurred on a recoverable claim
alone, they are not disallowed simply because they do double service.”); see also Owens & Minor,
251 S.W.3d at 490–91 (Brister, J., concurring) (quoting Chapa for same principle). 

Moreover, regardless of whether
United Medical incurred costs relating to other defendants’ products, Owens
identifies no basis for discrediting United Medical’s evidence that the
specific costs it sought to recover from Ansell were incurred in defending
claims relating to Ansell’s product. Ansell’s trial strategy was not to
disprove that specific expenses related to its product but to attack the amount
of expenses through expert testimony that United Medical should have done little to defend the Talley
claims and relied on its right to indemnity—the very indemnity Ansell resists
here.[3]
United Medical put on evidence that
the costs it sought to recover were incurred in relation to Ansell’s product,
and the trial court, as finder of fact, was free to credit that evidence. See
City of Keller,
168 S.W.3d at 819.

C.      Settlement Credit

Ansell argues, in the
alternative, that “[w]ere the Court to hold that Ansell and Safeskin could be
targeted for joint and several liability under § 82.003,” Ansell would be
entitled to a settlement credit in the amount of United Medical’s settlement
with Safeskin pursuant to the “one satisfaction rule.” There is no joint and
several liability between Ansell and Safeskin here. The issue tried was the
amount of damages incurred by United Medical as a result of Ansell’s breach of
its Chapter 82 duty to indemnify United Medical; the evidence presented related
to defense costs incurred by United Medical in defending claims relating to
Ansell’s product, expressly excluding costs relating to Safeskin’s products;
and the trial court’s judgment is against Ansell alone and awards damages only for
Ansell’s breach of its duty to indemnify. The “one satisfaction rule” does not
apply to these facts. See Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378,
391 (Tex. 2000) (“Under the one satisfaction rule, the nonsettling defendant
may only claim a credit based on the damages for which all tortfeasors are
jointly liable.”).

The Attorney’s Fees Award

          In
its second and third arguments on appeal, Ansell argues that the trial court’s
award of attorney’s fees is unreasonable as a matter of law and that the trial
court erred in failing to condition recovery of appellate attorney’s fees on
the outcome of the appeal.    

A.      Reasonableness
of the Attorney’s Fees at Trial

Ansell argues that the award of
$249,220.49 in attorney’s fees and costs through trial of the indemnity claim is
unreasonable as a matter of law in light of the amount recovered by United
Medical ($74,037.11) for indemnification and the lack of “uniqueness” of the
case.

Chapter 82 authorizes sellers like
United Medical who are entitled to indemnity from a manufacturer also to
recover from the manufacturer court costs and “reasonable attorney fees”
incurred by the seller to enforce its right to indemnity. Tex. Civ. Prac. & Rem. Code Ann. §
82.002(g). A reasonable fee is
one that is moderate or fair but not excessive or extreme. Garcia v. Gomez,
319 S.W.3d 638, 642 (Tex. 2010). A fee is incurred when a client becomes liable
for it. Id. Ansell does not challenge
that the fees sought were incurred, only the reasonableness of the fees. Generally,
the determination of reasonable attorney’s fees is a question of fact to be
determined by the fact-finder. Garcia v. Gomez, 319 S.W.3d 638, 642
(Tex. 2010) (quoting Smith v. Patrick W.Y. Tam Trust, 296 S.W.3d 545, 547 (Tex. 2009),
which in turn quotes Ragsdale v. Progressive Voters League, 801 S.W.2d
880, 882 (Tex. 1990)). 

We will reverse a fact-finder’s determination of the
reasonableness of attorney’s fees on the basis of a legal sufficiency challenge
only if there is no evidence to support it. See
Redwine v. Wright, No. 14-10-00030-CV,
2010 WL 5238572, at *2 (Tex. App.—Houston [14th Dist.] Dec. 16, 2010, no pet.);
Omne Staff Leasing Servs., Inc. v. Ellis Berkovsky, No. 01-03-00710-CV,
2004 WL 585006, at *3 (Tex. App.—Houston [1st Dist.] Mar. 25, 2004, no pet.); Robert
Parker’s Truck & Trailer Repair, Inc. v. Speer, 722 S.W.2d 45, 48–49
(Tex. App.—Houston [1st Dist.] 1986, no writ); cf. Midland W. Bldg. L.L.C. v.
First Serv. Air Conditioning Contractors, Inc., 300 S.W.3d 738, 739
(Tex. 2009) (holding controverted evidence of reasonable and necessary
attorney’s fees raised issue of fact for jury, but jury award of no fees was
not supported by evidence because there was no evidence that no fees were
incurred or that all fees incurred were of no value). Here, the trier of fact
heard expert testimony that supported the reasonableness of the attorney’s fees
it awarded. United Medical’s expert testified that he was familiar with the Arthur Anderson factors used to
determine the reasonableness of attorney’s fees and that he applied those
considerations in determining the amount of fees reasonable and necessary for
United Medical. See Arthur Andersen & Co. v. Perry Equip.
Corp., 945 S.W.2d
812, 818 (Tex. 1997). 

Several of the Arthur
Andersen factors weigh in favor of the attorney’s fees award. The parties’
indemnity dispute lasted over a considerable length of time and was hotly
contested, with multiple voluminous motions filed by both sides. See id. (identifying as a factors for
consideration: time and labor required, novelty and difficulty of questions
involved, and skill required to perform legal services properly). The record demonstrates
that a significant portion of the legal work performed by United Medical in
prosecuting its indemnity claim was in response to motions filed by Ansell,
some of which asked the trial court to reconsider or revisit issues already
decided in United Medical’s favor. Contrary to Ansell’s contention that there
were no “unique” issues in this case, Ansell presented a number of legal
arguments related to the mechanics of Chapter 82 indemnity in the context of
multi-defendant products liability actions—an area of law not yet fully developed
in the jurisprudence—which United Medical defended against. See id. 

While the amount in controversy is less than the amount of
attorney’s fees incurred, United Medical obtained a good result, recovering
most of the fees it sought. See id.
(identifying as factors: amount in controversy and result obtained). Moreover, the
record demonstrates that counsel for Ansell determined this indemnity action
worthy of a rigorous defense, and there is no basis in the record for concluding
that United Medical’s counsel could not have reasonably reached the same
conclusion. Finally, the expert testimony supports an inference that the rate
charged by United Medical’s counsel is consistent with the rate for services
from other attorneys in the area with comparable experience, skill and ability.
See id. (identifying as factors:
experience, skill and ability of attorney and going-rate for similar services
in local area). 

There is more than a scintilla of evidence to support the
trial court’s assessment, as the trier of fact, of United Medical’s reasonable attorney’s
fees. See id.; see also John A. Broderick,
Inc. v. Kaye Bassman Int’l Corp., 333 S.W.3d 895, 907–08 (Tex. App.—Dallas
2011, no pet.) (rejecting similar argument that attorney’s fees were
unreasonable as a matter of law in light of much smaller damages award). 

B.      Conditioning
Appellate Attorney’s Fees on Outcome

          Ansell’s
final argument is that the trial court’s award of attorney’s fees for appeal is
erroneous because it requires Ansell to pay United Medical’s attorney’s fees (1)
on appeal, regardless of which party prevails on appeal and (2) for a petition
for review to the Supreme Court of Texas, regardless of which party files the
petition. We agree that the award of appellate attorney’s fees should be
dependent on which party prevails on appeal. Keith v. Keith, 221 S.W.3d 156, 171 (Tex. App.—Houston [1st Dist.] 2006,
no pet.); Sipco Servs. Marine v. Wyatt Field Serv. Co., 857 S.W.2d 602, 607–08 (Tex. App.—Houston
[1st Dist.] 1993, no writ). “However, an unconditional award of appellate
attorney’s fees does not require reversal; instead, we may modify a trial court’s
judgment to make the award of appellate attorney’s fees contingent upon the
receiving party’s success on appeal.” Keith, 221 S.W.3d at 171 (citing Pao
v. Brays Vill. E. Homeowners Ass’n,
905 S.W.2d 35, 38–39 (Tex. App.—Houston [1st Dist.] 1995, no writ)); Houston
Livestock Show & Rodeo, Inc. v. Hamrick, 125 S.W.3d 555, 586 (Tex. App.—Austin 2003, no pet.). We
therefore modify sections 1(c)(ii)–(iv) of the trial court’s judgment as
follows:

          c.       Reasonable attorney’s fees incurred in
the prosecution of this action as follows: . . . 

 

          ii.       $30,000.00
in the event of an appeal to the court of appeals unless Ansell prevails in the court of appeals and petition for review
is not granted by the Texas Supreme Court or unless Ansell prevails in the
Texas Supreme Court;  

 

          iii.      $12,5000 in the
event that Ansell files a petition
for review in the Texas Supreme Court unless
Ansell prevails in the Texas Supreme Court;

 

          iv.      $15,000 in
the event Ansell’s petition for
review is granted by the Texas Supreme Court unless Ansell prevails in the Texas Supreme Court.

 

(modified language italicized).




 

Conclusion

          We affirm the trial court’s judgment
as modified.

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley and Baker.[4]











[1]           In Meritor Automotive, the court addressed
what claims are included within a “products liability action” for which a
seller is entitled to indemnity and when the statutory exception to the duty to
indemnify, excluding loss caused by the seller’s own misconduct, applies. The court
determined that the duty to indemnify extends to all claims properly joined to
a claimant’s products liability action, including a negligence claim against a
seller. 44 S.W.3d at 89–90.
The court also determined that, while
a manufacturer’s duty to indemnify is invoked by the claimant’s pleadings, the
statutory exception to the duty to indemnify is established only by a
finding that a seller’s independent conduct was a cause of the plaintiff’s
injury. Id. at 91 (holding that,
after claimant settled products liability claims against manufacturers and
nonsuited products liability and negligence claims against seller, seller was
entitled to indemnity from manufacturer for negligence claims).

 





[2]
          In
Fitzgerald, the court addressed who
is entitled to indemnity under Chapter 82. Fitzgerald, 996 S.W.2d at 866–67. The court
determined that, subject to the
statutory exclusion for the seller’s independent misconduct, a manufacturer’s
duty to indemnify arises in favor of any entity that falls within the
definition of a “seller” and is alleged to be liable on the basis of its sale
of the manufacturer’s product, regardless of the outcome of the products
liability action. 996 S.W.2d at 867 (holding that seller who was dismissed from
suit upon determination that it did not sell the specific products that caused
the injury was still entitled to indemnity from manufacturer).





[3]
          At trial, Ansell also offered
expert testimony that none of United Medical’s costs could be attributed to
Ansell’s product because Ansell’s gloves were not among the gloves to which
Cheyanne was exposed. The issue for indemnity, however, is not whether Ansell’s
products are ultimately found responsible for the plaintiff’s injuries—an issue often left
unresolved due to settlement, as occurred here. Instead, the issue is whether
the costs were incurred in defending claims alleged against the seller on the
basis of its sale of the manufacturer’s product. See Fitzgerald, 996 S.W.2d at 867; Owens &
Minor, 251 S.W.3d at
486–89.





[4]
          The Honorable Caroline Baker,
295th District Court of Harris County, Texas, sitting by assignment.