Samuel GARCIA Jr., M.D., Petitioner,

v.

Maria GOMEZ, Individually and Representative of the Estate of Ofelia Marroquin, Deceased, Respondent.

No. 09–0159.

Supreme Court of Texas.

Argued Jan. 21, 2010.

Decided Aug. 27, 2010.

Ronald G. Hole, Ida Cecilia Garza, Hole & Alvarez, L.L.P., McAllen, TX, for Petitioner.

Savannah Robinson, Law Office of Savannah Robinson, Danbury TX, for Respondent.

Justice MEDINA delivered the opinion of the Court, joined by Justice HECHT, Justice WAINWRIGHT, Justice GREEN, Justice WILLETT, Justice GUZMAN, and Justice LEHRMANN.

The Texas Medical Liability Act requires that a health care liability claimant serve expert reports on each defendant physician or provider within 120 days after filing suit. TEX. CIV. PRAC. & REM.CODE § 74.351(a). We have characterized this requirement as "a threshold over which a claimant must proceed to continue a [health care liability] lawsuit." *Murphy v. Russell,* 167 S.W.3d 835, 838 (Tex.2005) (per curiam). If no report is timely served, the trial court must, on motion, dismiss the claim and award reasonable attorney's fees and costs to the affected physician or provider.[1]

No expert report was served in this case, and the trial court accordingly dismissed it. The court, however, did not award attorney's fees. The court of appeals affirmed, concluding the trial court had not abused its discretion in failing to award attorney's fees because the record contained no evidence of the reasonable fees incurred by the physician in defense of the claim. 286 S.W.3d 445, 449. We conclude, however, that there is some evidence of reasonable attorney's fees and some evidence that the physician incurred attorney's fees. We further conclude that section 74.351(b) mandates an award of attorney's fees and costs, when expert reports are not served timely, and accordingly reverse the court of appeals' judgment and remand to the trial court for further proceedings.

I

Ofelia Marroquin died from a pulmonary embolism following surgery. Her daughter, Maria Gomez, individually and as representative of her mother's estate, sued the hospital and the treating physician, Dr. Samuel Garcia. Gomez asserted that her mother had a history of blood clots and that Dr. Garcia had not taken proper precautions to guard against the embolism that caused her death. Specifically, she argues that the standard of care required the doctor to install a blood filter as a preventive measure.

Medical records obtained from Dr. Garcia failed to indicate that he had placed such a filter in her mother's chest cavity during surgery. After filing suit, however, Gomez obtained additional medical records from the hospital, which revealed that a filter had in fact been placed in her mother's chest cavity apparently during some earlier procedure. This new information apparently caused Gomez not to serve expert reports.

After the deadline for serving these reports, Dr. Garcia moved to dismiss Gomez's claim. Gomez did not oppose the dismissal, although she did contest Garcia's right to attorney's fees, arguing that Garcia had in a sense brought the suit on himself by failing to produce the medical

---

1. The statute provides that when the claimant fails to serve a defendant physician or health care provider with an expert report within 120 days of filing suit:

    [T]he court, on the motion of the affected physician or health care provider, shall, subject to [an extension of time for a deficient report], enter an order that:

    (1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and

    (2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

TEX. CIV. PRAC & REM CODE § 74.351(b).

records confirming the existence of the blood filter. After a hearing, the trial court granted the physician's motion in part, dismissing the health care liability claim with prejudice, while denying him attorney's fees.[2] Dr. Garcia appeals complaining that he is entitled to an award of attorney's fees.

Dr. Garcia's evidence on attorney's fees came from his counsel, who testified as follows:

> My name is Ronald Hole. I'm an attorney practicing in Hidalgo County, doing medical-malpractice law/litigation. I have done it since 1984. For a usual and customary case like this these fees for handling it up to the point of dismissal, the reasonable and necessary attorney's fees for handling that is 12,200 dollars.
>
> If the case is appealed to the Court of Appeals, the reasonable fee for handling the matter at the Court of Appeals would be 8,000 dollars. If a Petition for Review is filed at the Supreme Court, an additional fee of 5,000 dollars would be reasonable for handling the matter of the Petition for Review and our brief or briefs on the merit. Petition granted by the Supreme Court then adds an additional 6,000 dollars. That would be a reasonable fee for handling the matter at that stage.

In affirming the trial court's judgment, the court of appeals concluded that this testimony was conclusory and therefore no evidence of the reasonable attorney's fees incurred by Dr. Garcia. 286 S.W.3d at 449. The court further concluded that the attorney's testimony was insufficient because it failed to establish that the physician actually incurred attorney's fees, which the court described as "an essential statutory element." *Id.*

II

■ An attorney's testimony about the reasonableness of his or her own fees is not like other expert witness testimony. Although rooted in the attorney's experience and expertise, it also consists of the attorney's personal knowledge about the underlying work and its particular value to the client. The testimony is similar to that of a property owner whose personal knowledge qualifies him to give an opinion about his own property's value. *See, e.g., State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 874 (Tex.2009); *Gulf States Utils. Co. v. Low*, 79 S.W.3d 561, 566 (Tex. 2002). The attorney's testimony is not objectionable as merely conclusory because the opposing party, or that party's attorney, likewise has some knowledge of the time and effort involved and if the matter is truly in dispute, may effectively question the attorney regarding the reasonableness of his fee.

■ In this case, Garcia's attorney testified briefly about his experience in medical malpractice litigation. He then estimated $12,200 to be a reasonable and necessary fee for representation through dismissal in a case like this one. Finally, he testified about his fees in the event of an appeal and that such fees were also reasonable. Gomez did not cross-examine the witness or present any additional evidence on the issue of attorney's fees. Nor did she question the reasonableness of the amount of any of these fees. While the attorney's testimony lacked specifics, it was not, under these circumstances, merely conclusory. It was some evidence of what a reasonable attorney's fee might be in this case.

■ Dr. Garcia argues, however, that the attorney's testimony was not only

**2.** The trial court also dismissed the case against the hospital, but the hospital did not seek attorney's fees and is not a party to this appeal.

some evidence of his reasonable attorney's fees, but also conclusive evidence on the issue. Generally, the determination of reasonable attorney's fees is a question of fact and " 'the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined by the jury.' " *Smith v. Patrick W.Y. Tam Trust,* 296 S.W.3d 545, 547 (Tex.2009) (quoting *Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 882 (Tex.1990)). Dr. Garcia's argument, however, relies on an exception to this general rule, that is, "where the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law.' " *Ragsdale,* 801 S.W.2d at 882 (quoting *Cochran v. Wool Growers Cent. Storage Co.,* 140 Tex. 184, 166 S.W.2d 904, 908 (1942)). Because Gomez had the means and opportunity to contest the attorney's testimony on what a reasonable attorney fee would be in this case, but failed to do so, Garcia concludes that reasonableness was established as a matter of law.

■ While we agree that Garcia's attorney's testimony is some evidence of a reasonable fee, it is not conclusive. The statute here provides that the trial court is to award *"reasonable attorney's fees and costs of court incurred* by the physician or health care provider" when the claimant fails to serve an expert report within 120 days of filing suit. Tex. Civ. Prac. & Rem. Code § 74.351(b) (emphasis added). Un-

der the statute, the fees awarded must be both "reasonable" and "incurred." Id. § 74.351(b)(1). A reasonable fee is one that is not excessive or extreme, but rather moderate or fair.[3] A fee is incurred when one becomes liable for it.[4]

■ Both the adjective "reasonable" and the verb "incurred" act to limit the amount of attorney's fees the trial court may award. Ideally, they will be the same, such as when the physician has agreed to pay reasonable fees and costs. But a physician may negotiate a fee that is either more or less than a reasonable fee and thus incur, or become liable for, a greater or lesser amount. The statute, however, limits the award to the lesser of the two, that is, the fee to be awarded is the lesser of a reasonable fee or the fee actually incurred. Testimony about reasonable fees then is not necessarily evidence about the fees incurred.

■ Although there is no evidence of the amount of the fees incurred by Dr. Garcia, the court of appeals goes further to conclude there is no evidence that Dr. Garcia actually incurred attorney's fees at all. The record reflects, however, that services were performed on the doctor's behalf. The attorney filed an answer, a plea in abatement, a motion to dismiss, and a notice of appeal. The attorney also appeared, argued, and gave testimony regarding the motion to dismiss. While there is no evidence about what Dr. Garcia (or perhaps his insurance carrier) agreed to pay for these services, it blinks reality to assume that the attorney was a volunteer or that Dr. Garcia did not incur attorney's fees for this work. As we recently

---

**3.** *See* Webster's Ninth New Collegiate Dictionary 981 (1984) (defining the adjective "reasonable"); *see also* Black's Law Dictionary 1272 (7th ed.1999). (defining "reasonable" as fair, proper, or moderate under the circumstances).

**4.** *See* Webster's Ninth New Collegiate Dictionary 611 (1984) (defining the verb "incur"); *see also* Black's Law Dictionary 771 (7th ed.1999) (defining "incur" as to suffer or bring on oneself (a liability or expense)).

held in another case involving this statute, a health-care-liability defendant incurs attorney's fees when he is "personally liable in the first instance for both defense costs and any potential judgment." *Aviles v. Aguirre*, 292 S.W.3d 648, 649 (Tex.2009) (per curiam).

Section 74.351(b) requires the award of the reasonable attorney's fees incurred by a physician who is not served with a timely expert report. Because there is some evidence in this case that attorney's fees were both incurred and reasonable, the trial court should have awarded attorney's fees to Dr. Garcia. The court of appeals therefore erred in affirming that part of the trial court's judgment.

## III

Gomez argues, however, that Dr. Garcia should nevertheless be denied attorney's fees because he failed to produce the appropriate medical records in a timely manner. Pertinent to this argument is section 74.051(d) of the Texas Medical Liability Act, which provides that all parties are "entitled to obtain complete and unaltered copies of the patient's medical records from any other party within 45 days from the date of a written request for such records ..." Tex. Civ. Prac. & Rem. Code § 74.051(d). This provision is part of the section requiring pre-suit notice of a health care liability claim. *Id.* § 74.051. Its purpose is to encourage pre-suit negotiations and settlement and thereby reduce litigation costs. *See De Checa v. Diagnostic Ctr. Hosp., Inc.*, 852 S.W.2d 935, 938 (Tex.1993) (interpreting similar provision in statute's predecessor). Gomez contends Dr. Garcia waived his right to recover his attorney's fees because he was slow to produce medical records and ultimately failed to produce the critical records which indicated that the blood filter was indeed in place during her mother's surgery. Go-

mez's argument assumes that Dr. Garcia withheld relevant medical records, but the record in this case does not support that assumption.

Gomez's pleadings asserted that Dr. Garcia was negligent in "not prevent[ing] the formation of a pulmonary embolism by appropriate means," but the pleadings did not expressly mention the critical blood filter. Even assuming the physician understood the filter's significance to Gomez's case, it is not apparent why he would have concealed this exculpatory information. Instead, Dr. Garcia maintains that he produced all relevant medical records in his possession. Moreover, the hospital ultimately produced the records confirming the filter's existence as part of its medical records. Nothing in the record suggests that Dr. Garcia's records also contained this information or that he withheld the information. Gomez fails to explain why she did not seek or obtain these records from the hospital during the pre-suit notice period or why it was Dr. Garcia's responsibility to obtain them for her. Although we can imagine a case in which discovery sanctions might offset an award of fees and costs under section 74.351(b), this is not such a case because the trial court has made no finding of discovery abuse.

\*    \*    \*    \*    \*    \*

Section 74.351(b) of the Texas Medical Liability Act requires the award of reasonable attorney's fees incurred by a physician in defense of a health care liability claim when expert reports are not timely served. Because there was some evidence of these fees, the trial court erred in failing to make an award, and the court of appeals erred in affirming that part of the trial court's judgment. Accordingly we reverse the court of appeals' judgment, in part, and remand the physician's attorney's fees claim to the trial court for fur-

ther proceedings. The remainder of the court of appeals' judgment is affirmed.

Chief Justice JEFFERSON filed a dissenting opinion, joined by Justice JOHNSON.

Justice JOHNSON filed a dissenting opinion.

Chief Justice JEFFERSON, joined by Justice JOHNSON, dissenting.

In a health care liability case, a plaintiff must serve an expert report on a defendant physician within 120 days of filing suit. *See* TEX. CIV. PRAC. & REM.CODE § 74.351(a). If a claimant fails to serve a report, the physician may move to dismiss the claim and recover attorney's fees. Specifically, the statute provides:

> If ... an expert report has not been served ... the court, on the motion of the affected physician or health care provider, shall ... enter an order that:
>
> (1) awards to the affected physician or health care provider *reasonable attorney's fees and costs of court incurred* by the physician or health care provider; and
>
> (2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

TEX. CIV. PRAC. & REM.CODE § 74.351(b) (emphasis added). Notably, the statute requires the trial court to award fees that are both "reasonable" and "incurred." *Id.* Today, however, the Court concludes that section 74.351(b) mandates a fee award even though the defendant introduced no evidence of fees incurred. For this reason, I respectfully dissent.

The Court has previously stated, and emphasizes again today, that if a timely and sufficient expert report is not served, a trial court must dismiss the case and award fees on motion by the affected phy-

sician or health care provider. *See* 319 S.W.3d at 640 ("[S]ection 74.351(b) mandates an award of attorney's fees and costs, when expert reports are not served timely ...."); *see also Hernandez v. Ebrom,* 289 S.W.3d 316, 318 (Tex.2009) ("If a timely and sufficient report is not served, the trial court must award the provider its attorney's fees and costs and dismiss the case with prejudice."); *Bocquet v. Herring,* 972 S.W.2d 19, 20 (Tex.1998) ("Statutes providing that a party 'may recover,' 'shall be awarded,' or 'is entitled to' attorney fees are not discretionary."). But even a mandatory fee award must have evidentiary support. *Bocquet,* 972 S.W.2d at 21.

Section 74.351(b) requires proof of "reasonable" fees and evidence of the fees "incurred." *See* TEX. CIV. PRAC. & REM.CODE § 74.351(b); *see also* 319 S.W.3d at 642 ("Under the statute, the fees awarded must be both 'reasonable' and 'incurred.'"). Here, the only evidence concerning fees came from Dr. Garcia's attorney, who stated the following:

> My name is Ronald Hole. I'm an attorney practicing in Hidalgo County, doing medical-malpractice law/litigation. I have done it since 1984. For a usual and customary case like this these fees for handling it up to the point of dismissal, the reasonable and necessary attorneys fees for handling that is 12,200 dollars. If the case is appealed, reasonable fees up to this point is 12,200. If the case is appealed to the Court of Appeals, a reasonable fee for handling the matter at the Court of Appeals would be 8,000 dollars. If a Petion [sic] for Review is filed at the Supreme Court, an additional fee of 5,000 dollars would be reasonable for handling the matter of the Petition for Review and our brief or briefs on the merit. Petition granted by the Supreme Court then adds an additional 6,000 dollars. That would be a reasonable fee for handling the matter at that stage.

I am surprised that the Court ignores the gap in Hole's testimony: nowhere does he state an amount of fees actually charged. There is no mention of the amount of time he spent on this case or even his hourly rate.[1] *See Brockie v. Webb,* 244 S.W.3d 905, 909 (Tex.App.-Dallas 2008, pet. denied) ("Generally, the nature and extent of the attorney's services are expressed by the number of hours and the hourly rate."). The trial court was presented, instead, with a statement that $12,200 is a reasonable and necessary fee for "a usual and customary case like this." In no other area of the law would we credit such a statement as "evidence," whether an objection is made or not.

Testimony that a fee is reasonable, without saying it was ever charged, is useless. What if Dr. Garcia incurred only $1,000 in fees, even though a "typical" case like this would involve $12,200? Would the trial court have the discretion to award $12,200? *See Daughters of Charity Health Servs. of Waco v. Linnstaedter,* 226 S.W.3d 409, 412 (Tex.2007) (indicating that the Court favored a theory of jurisprudence that avoided a "windfall" to the injured party). This is why the statute requires evidence that attorney's fees were both reasonable and incurred.

The Court holds that "there is some evidence in this case that attorney's fees were both incurred and reasonable." 319 S.W.3d at 643. The Court gives two reasons for that conclusion. First, the record reflects that Dr. Garcia had an attorney and that he filed pleadings on Dr. Garcia's behalf. No one disputes that Dr. Garcia was represented; the question is the amount of fees he incurred. His lawyer did not answer that question. We should not give Dr. Garcia a second chance to satisfy his burden of proof.

Next, the Court relies on our recent decision in *Aviles v. Aguirre,* 292 S.W.3d 648, 649 (Tex.2009) (per curiam); however, such reliance is misplaced. In *Aviles,* we addressed whether a defendant physician "incurred" fees under section 74.351(b), even though an insurance carrier paid the physician's fees. *Aviles,* 292 S.W.3d at 649. We said that the statute did not require as proof that fees were "incurred" that the physician personally paid the fees. *Id.* The physician incurred fees when he first became liable for defense costs and a potential judgment, and the insurer stood in the shoes of the physician when it paid the fees. *Id.*

*Aviles* is not relevant here. We are not concerned with whether a party "incurs" fees when he or she becomes liable for those fees—the issue we decided in *Aviles.* Instead, we must decide whether there is evidence that fees were incurred at all.[2]

1. *Cf. Doctor's Hosp. at Renaissance, Ltd. v. Ramirez,* No. 13-07-00608-CV, 2008 WL 2744629, at *2-*3, 2008 Tex.App. LEXIS 5124, at *8-*9 (Tex.App.-Corpus Christi July 10, 2008, no pet.) (observing that, in another case involving the same attorney representing Dr. Garcia in this case, attorney "testified that he was familiar with the usual and customary terms and fees associated with handling medical negligence cases in Hidalgo County, Texas"; "that he personally worked on this case from the beginning"; "that a reasonable and necessary fee for handling the case up to the point of dismissal was $ 9,840"; and "that in deriving this figure, he charged $ 200 per

hour for forty-nine hours of work"); *Martinez v. Miranda,* No. 13-07-00497-CV, 2008 WL 2744768, at *3-*4, 2008 Tex.App. LEXIS 5128, at *8 (Tex.App.-Corpus Christi July 3, 2008, no pet.) (noting that Dr. Garcia's attorney "testified to his qualifications, opining that reasonable attorney's fees from the point of inception until the hearing were $ 35,-000 .... He outlined the work he performed and the number of hours he had expended in the case.").

2. This was not an issue in *Aviles.* In *Aviles,* proof of reasonable and incurred fees was presented. *See Aviles v. Aguirre,* 292 S.W.3d

We have repeatedly held that an award of attorney's fees must be supported by evidence. *See, e.g., Torrington Co. & Ingersoll–Rand Corp. v. Stutzman,* 46 S.W.3d 829, 852 (Tex.2000) ("Generally, an award of attorney's fees must be supported by evidence."); *Bocquet,* 972 S.W.2d at 21 (noting that it is an abuse of discretion to award fees without sufficient supporting evidence); *Sharp v. Broadway Nat'l Bank,* 784 S.W.2d 669, 672 (Tex.1990) (reversing award of attorney's fees when "[t]he award ... was based entirely on testimony which should not have been admitted, and when that testimony is excluded, the award cannot stand."); *Great Am. Reserve Ins. Co. v. Britton,* 406 S.W.2d 901, 907 (Tex.1966) (holding that attorney's fees in an insurance case must be supported by competent evidence). And, the party seeking the fees carries the burden of proof. *Smith v. Patrick W.Y. Tam Trust,* 296 S.W.3d 545, 547 (Tex.2009) (citing *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10 (Tex.1991)). As our courts of appeals have recognized, although "[a]ttorneys' fees and costs of court are mandatory under the [Texas Medical Liability Act,] ... nothing in the act modifies the general rule that a party seeking attorneys' fees must present evidence of attorneys' fees." *Brower v. Hearn,* No. 14–07–00967–CV,

2009 Tex.App. LEXIS 3551, at *8–*9 (Tex. App.-Houston [14th Dist.] Feb. 10, 2009, no pet.); *Sandles v. Howerton,* 163 S.W.3d 829, 839 n. 9 (Tex.App.–Dallas 2005, no pet.); *Doades v. Syed,* 94 S.W.3d 664, 674 (Tex.App.-San Antonio 2002, no pet.) ("[E]ven a mandatory award of attorney's fees [under the Medical Liability Act] must be supported by evidence."); *Estrello v. Elboar,* 965 S.W.2d 754, 759 (Tex.App.-Fort Worth 1998, no pet.) (holding that trial court did not abuse its discretion in denying attorney's fees to health care provider who failed to present evidence of fees).[3]

The Court comes close to a dispositive concession by acknowledging "there is no evidence of the amount of fees incurred by Dr. Garcia...." That should be the end of it. A party with the burden of proof who fails to produce evidence of attorney's fees, waives his right to those fees. *Intercontinental Group P'ship v. KB Home Lone Star L.P.,* 295 S.W.3d 650, 657 (Tex. 2009).[4] An award of zero fees is therefore appropriate. *See Cale's Clean Scene Carwash, Inc. v. Hubbard,* 76 S.W.3d 784, 787 (Tex.App.-Houston [14th Dist.] 2002, no pet.) ("[A] zero award for attorney's fees [is] proper if the evidence ... failed to prove (a) that any attorney's services were provided; or (b) the value of the services

697, 702 (Tex.App.-Corpus Christi 2008) (mem.op.) (Vela, J., dissenting) ("Here, there was no claim that the fees sought as sanctions were improperly proven or unreasonable."), *rev'd,* 292 S.W.3d 648 (Tex.2009) (per curiam).

**3.** *Cf. Dilston House Condo. Ass'n v. White,* 230 S.W.3d 714, 718 (Tex.App.-Houston [14th Dist.] 2007, no pet.) ("Even when an award of attorney's fees is mandatory under an applicable statute, the requesting party is still required to offer evidence to support an award."); *Manon v. Tejas Toyota, Inc.,* 162 S.W.3d 743, 751–52 (Tex.App.-Houston [14th Dist.] 2005, no pet.) (even though fees are mandatory under the DTPA and Chapter 38 of

the Civil Practice and Remedies Code, plaintiffs could not recover fees because they failed to introduce evidence of fees at trial).

**4.** *Cf. Eagle Trucking Co. v. Tex. Bitulithic Co.,* 612 S.W.2d 503, 507 (Tex.1981) ("Guin had the burden to establish Eagle Trucking's negligence.... Guin's total failure to do anything to get a jury finding which compared Eagle Trucking's negligence ... with his own ... amounted to a waiver of any complaints to the charge."); *Glens Falls Ins. Co. v. C.C. Peters,* 386 S.W.2d 529, 531 (Tex.1965) (holding that failure to request a jury finding, by the party with the burden, waived party's right to any judgment on the pleaded issue).

provided...."). When the party with the burden presents "no evidence" to satisfy it, we do not ordinarily remand the matter to the trial court for a second chance. *See Guevara v. Ferrer*, 247 S.W.3d 662, 670 (Tex.2007) (recognizing that we generally render judgment when there is no evidence).

As there is no evidence of fees incurred, I would conclude, as the court of appeals did, that the trial court did not abuse its discretion in refusing Dr. Garcia's request for attorney's fees under section 74.351(b). Accordingly, I would affirm the court of appeals' judgment. Because the Court does otherwise, I respectfully dissent.

Justice JOHNSON, dissenting.

I disagree with the Court's holding for the reasons expressed by Chief Justice Jefferson and join his dissent. However, I write to express particular disagreement with the Court's statement that "[a]n attorney's testimony about the reasonableness of his or her own fees is not like other expert witness testimony.... The attorney's testimony is not objectionable as merely conclusory because the opposing party, or that party's attorney, likewise has some knowledge of the time and effort involved and, if the matter is truly in dispute, may effectively question the attorney regarding the reasonableness of his fee." 319 S.W.3d at 641.

As to reasonableness of an attorney's fee, in *Arthur Andersen & Co. v. Perry Equipment Corp.*, the Court addressed language in the Deceptive Trade Practices Act[1] allowing recovery of "reasonable and necessary attorneys' fees." 945 S.W.2d 812, 818 (Tex.1997). In considering whether a contingent fee was a reasonable fee we said:

Factors that a factfinder should consider when determining the reasonableness of a fee include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

. . . .

A party's contingent fee agreement should be considered by the factfinder, *see* TEX. DISCIPLINARY R. PROF. CONDUCT 1.04(b)(8), and is therefore admissible in evidence, but that agreement cannot alone support an award of attorney's fees under Texas Business and Commerce Code section 17.50(d). In other words, the plaintiff cannot simply ask the jury to award a percentage of the recovery as a fee because without evidence of the factors identified in Disciplinary Rule 1.04, the jury has no mean-

---

1. *See* TEX. BUS. & COM.CODE § 17.50(d).

ingful way to determine if the fees were in fact reasonable and necessary.

*Id.* at 818–19 (citation omitted).

Without saying why, the Court departs significantly from the evidence requirements for determining reasonable fees we set out in *Arthur Andersen.* Here the testimony touched on two of the *Arthur Andersen* factors: the attorney's experience in this type of litigation and a "reasonable and necessary" fee for a "usual and customary case like this." In *Arthur Andersen* the fee was contingent. Here the testimony did not even address the basis of the fee; that is, whether it was contingent, a flat rate through some part of the case, an hourly or per diem charge, a blend of fee types, or some other type of fee arrangement. The attorney's testimony as to experience involved facts. His testimony as to fees, however, was not factual; it was opinion and conclusory. And even assuming it addressed the attorney's own work on this case (the testimony did not specify who worked on the case and pointedly did not address work done on this specific case) it was nothing more than an *ipse dixit* by a credentialed witness.

The court of appeals addressed the *Arthur Andersen* issue and properly determined there was no evidence of a reasonable fee because the attorney's testimony was conclusory. I agree with the court of appeals. Garcia's attorney's testimony is not probative evidence because it does not contain the underlying factual basis on which it rests. *See, e.g., Burrow v. Arce,* 997 S.W.2d 229, 235 (Tex.1999) ("[A] claim will not stand or fall on the mere *ipse dixit* of a credentialed witness."); BLACK'S LAW DICTIONARY 284 (7th ed.1999) (defining conclusory as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based"). As Chief Justice Jefferson notes, in no other area of

the law would such testimony be entitled to probative weight. *See* 319 S.W.3d at 645 (Jefferson, C.J., dissenting).

Further, the rule has long been that whether testimony of a witness is conclusory turns on the testimony itself, not on whether the opposing party or its attorney has knowledge of matters underlying the testimony and examines the testifying witness. *E.g., Wal–Mart Stores, Inc. v. Merrell,* 313 S.W.3d 837, 839 (Tex.2010) ("No-evidence challenges to allegedly conclusory expert testimony require us to examine the record on its face to determine whether the evidence lacks probative value."); *City of San Antonio v. Pollock,* 284 S.W.3d 809, 816 (Tex.2009); *Coastal Transport Co., Inc. v. Crown Cent. Petroleum Corp.,* 136 S.W.3d 227, 233 (Tex. 2004) ("When the testimony is challenged as conclusory or speculative and therefore non-probative on its face, however, there is no need to go beyond the face of the record to test its reliability.") (citations omitted); *Dallas Ry. & Terminal Co. v. Gossett,* 156 Tex. 252, 294 S.W.2d 377, 380–81 (1956) ("It is well settled that the naked and unsupported opinion or conclusion of a witness does not constitute evidence of probative force and will not support a jury finding even when admitted without objection."). There may be valid reasons for the Court to take the position that an attorney's testimony about the reasonableness of his or her fees is different from other expert witness testimony. But it is hard to see valid reasons for holding that conclusory testimony, which according to long-standing precedent has no probative force, is converted to evidence with probative value because an adverse party has information or knowledge about matters underlying the testimony. In an environment where discovery plays a major part in any lawsuit, only a naive or completely unprepared litigant will lack

knowledge of matters underlying the testimony of an opposing expert, especially one testifying about attorney's fees. It distorts the litigation process and burdens of proof to require an adverse party to cross-examine an opposing party's expert and assist in proving up a case against himself or herself on pain of converting conclusory, legally insufficient evidence into legally sufficient evidence.

With the foregoing comments and for the reasons expressed both by Chief Justice Jefferson and the court of appeals, I respectfully dissent. I would affirm the judgment of the court of appeals.