**Affirmed as Modified and Majority and Dissenting Opinions filed May 28, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00967-CV

---

**ROSE GIPSON-JELKS, Appellant**

**V.**

**MAE K. GIPSON, Appellee**

---

**On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2012-48688**

---

# DISSENTING OPINION

I respectfully dissent because I believe there is some evidence that the attorney's fees were reasonable. The majority concludes that there is no evidence of reasonableness because Mae's counsel failed to use the "magic words" and specifically say that his fees were reasonable. The Supreme Court has rejected the concept that magic words are necessary in an expert's opinion. *See Stodghill v Tex. Empl'rs Ins. Ass'n*, 582 S.W.2d 102, 105 (Tex. 1979) (a medical expert need not

use the exact magic words "reasonable medical probability" if the testimony is sufficient to show this is the substance of what the expert is saying). I believe that the substance of counsel's testimony and the other evidence in the case shows reasonableness.

1. "It is my opinion that the work performed by me on the Plaintiff's behalf was necessary in order to bring this matter to a just conclusion."

The Supreme Court has defined a "reasonable fee" as "one that is not excessive or extreme, but rather moderate or fair." *See Garcia v Gomez*, 319 S.W.3d 638, 642 (Tex. 2010). The Supreme Court relied on both Webster's and Black's Law Dictionary. *Id.* at 642 n.3; *see also* Webster's Ninth New Collegiate Dictionary 981 (1984) (defining the adjective "reasonable"); Black's Law Dictionary 1272 (7th ed. 1999) (defining "reasonable" as "fair, proper, or moderate under the circumstances").

While Mae's counsel failed to say that his fees were reasonable, he did testify as follows: "It is my opinion that the work performed by me on the Plaintiff's behalf was necessary in order to bring this matter to a *just* conclusion." Webster's defines "just" as "having a basis in or conformity to fact or reason: reasonable." *See* Webster's Ninth New Collegiate Dictionary 655 (1984). Black's defines "just" as "legally right; lawful; equitable." *See* Black's Law Dictionary 868 (7th ed.1999). So Mae's counsel testified that his fees were necessary in order to bring the suit to a reasonable or legally right conclusion. Certainly this is some evidence that his fees were also reasonable. How else would there be a reasonable conclusion to the suit if his fees were unreasonable? How else would there be a legally right conclusion to the suit if he was arguing for unreasonable fees?

2. "Fees do coincide and are in compliance with the state bar rules governing attorney's fees."

Mae's counsel testified that the fees "do coincide and are in compliance with the state bar rules governing attorney's fees." The majority in Footnote Three contends that this statement is not proof of reasonableness, but I disagree. The state bar rules governing attorney's fees are found in Rule 1.04, which provides as follows:

> A lawyer shall not enter into an arrangement for, charge, or collect an illegal fee or an unconscionable fee. A fee is unconscionable if a competent lawyer could not form a reasonable belief that the fee is reasonable.

Tex. Disciplinary R. Prof'l Conduct 1.04(a), *reprinted in* Tex. Gov't Code Ann. tit. 2, subtit. G, app. A (West, Westlaw through 2013 3d C.S.) (Tex. State Bar R. art. X, § 9). By stating that his fees were in compliance with the state bar rules, Mae's counsel effectively testified that his fee was not unconscionable and that, as a competent lawyer, he has formed a belief that the fee is reasonable.

3. The *Arthur Andersen* factors

The state bar rules also contain a list of factors that may be considered in determining the reasonableness of a fee. *See* Rule 1.04(b). These rules were adopted by the Supreme Court as the standard to use when assessing the reasonableness of fees. *See Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex. 1997). By testifying that his fees are in compliance with the state bar rules, he has testified that his fees meet the standard for reasonableness.

In addition there is other evidence in the record to support some of the *Arthur Andersen* factors—factors (1), (3), (4), (6) and (7). *Id.* I detail that evidence below.

a. The time and labor required, the novelty and difficulty of the questions involved and the skill required to perform the legal service properly.

Mae's counsel provided detailed time records of his time for each service provided to Mae in a four page exhibit. The fee statement, admitted without objection, consisted of a detailed itemization of date of work, a description of services provided, and the number of hours per service at a rate of $350 per hour.

Mae testified that she originally filed suit in the justice of the peace court and obtained an order to vacate the property but that Rose appealed to county court. Just as the case was about to be called to trial in county court, Rose filed suit in district court. Then just as that suit was to be called to trial, Rose dismissed that case. Mae then had to file another suit, which is the suit in question.

Mae's counsel testified that he took over the case from another lawyer before the first district court case was dismissed. He testified that the case file from previous counsel was a sizeable file—about a red rope and a half—and that he had to prepare for trial twice.

b. The fee customarily charged in the locality for similar legal services.

Mae's counsel testified that he was familiar with the standard prevailing rates and fees for this type of legal services. Rose's counsel did not dispute his rate of $350 per hour, nor offer an alternative rate. *See Garcia*, 319 S.W.3d at 641 (if the matter is truly in dispute, opposing counsel should question the attorney about the reasonableness of his fee).

c. The amount involved and the results obtained.

The trial court was aware that this case—a family dispute—involved title to real property in Houston and a request to evict a tenant. Although no evidence was presented as to the value of the property, Mae testified that the house could be

4

leased for approximately $700 or $800 per month and that Rose had lived in the house rent-free since her mother's death in April of 2012, a total of 18 months of lost rent ($12,600–$14,400). Mae also testified that she paid the taxes and insurance on the property. Mae won the lawsuit and was awarded title to the property and the eviction of Rose.

> d. The nature and length of the professional relationship with the client.

Mae's counsel testified to the fact that he had been representing Mae for over a year and that she had paid some of his bills.

> e. The experience, reputation and ability of the lawyer performing the services.

Mae's counsel testified: "I'm an attorney licensed to practice law in the State of Texas, having been so licensed since 1975. I'm board certified in personal injury trial law by the Texas Board of Legal Specialization, having been so certified since 1984. I have handled many, many cases of this type." The Texas Board of Legal Specialization notes that there are over 70,000 attorneys licensed to practice in Texas, while only 7,000 have earned the right to be publicly recognized as board certified. *See* http://www.tbls.org/Default.aspx.

Our court has concluded that "the trial court does not need to hear evidence on each factor but can consider the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties." *Messier v Messier*, No. 14-13-00572-CV, — S.W.3d —, 2015 WL 452171, *8 (Tex. App.—Houston [14th Dist.] Jan. 27, 2015, no pet.).

The majority relies heavily upon *In re Q.D.T.*, No. 14-09-00696, 2010 WL 4366125, at *9 (Tex. App.—Houston [14th Dist.] Nov. 4, 2010, no pet.) (mem.

5

op.). The record on fees in that case is remarkably different from this one. There were:

- o no itemized invoices;
- o no statement that the fees were necessary to bring the matter to a just conclusion; and
- o no testimony that the fees complied with the state bar rules on fees.

Therefore, *Q.D.T.* is not on point.

I believe there is some evidence of the reasonableness of fees in this case and I would affirm the award of fees.

/s/    Tracy Christopher
Justice

Panel consists of Chief Justice Frost and Justices Christopher and Busby. (Frost, C.J., majority).