ACCEPTED
04-14-00358-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/10/2015 12:28:48 PM
KEITH HOTTLE
CLERK

NO. 04 - 14 - 00358 - CV

IN THE FOURTH COURT OF APPEALS,
San Antonio, Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
09/10/15 12:28:48 PM
KEITH E. HOTTLE
Clerk

JUANITA SPRUTE, M.D. and JEFFERSON FAMILY PRACTICE
ASSOCIATES,
Appellants and Cross-Appellees

vs.

ARNOLD L. LEVEY,

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
09/10/15 12:28:48 PM
KEITH E. HOTTLE
Clerk

Appellee and Cross-Appellant

On Appeal from Cause No. 2013-CI-07246
in the 45th District Court of Bexar County, Texas,
the Honorable Larry Noll Presiding

_____

## APPELLEE AND CROSS-APPELLANT'S MOTION FOR REHEARING AND EN BANC RECONSIDERATION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Pursuant to TEX. RULE APP. P., Rule 49, APPELLEE AND CROSS-APPELLANT, ARNOLD L. LEVEY ("LEVEY") files this Motion for Rehearing and En Banc Reconsideration of the Court's opinion in this case. In support Levey shows:

### INTRODUCTION

Levey maintains his position regarding each point raised in the appeal, but realizing that the Court after fully considering both briefs, oral arguments and its own research and analysis, decided the issues as reflected in the Court's Opinion affirming the case. Accordingly, Levey does not intend to argue each point again here and waste the Court's time on matters that the

Court already has thoroughly considered. Rather, Levey's purpose now is to briefly focus on just the award of attorney's fees made by the trial Court and upheld by this Court. In this regard Movant feels that there are two related issues—lack of evidence and false evidence--- that affect this case as to the award of attorney's fees. Levey believes that although both of these matters were considered in his brief or inthe original opinion of the Court, there was not enough emphasis placed on them by either Levey or the Court. Levey failed to point out to this court precisely, forcefully and succinctly the complete lack of evidence in the record as to attorney's fees or the extent of the wrongfulness of the actions of the opposing side regarding the attorney's fees issues. A second look at these issues would be helpful and in the interest of justice.

The first question to be raised is whether the trial judge can arbitrarily make an award of attorney's fees based only upon his intuition and by considering what was done in similar cases, where there was a total lack of any evidence formally introduced into the record.

The other issue is whether a party seeking the award of attorney's fees (particularly when it is considered as a sanction for the failure to obtain the expert reports), who has submitted evidence in the form of affidavits which are clearly and demonstratively not true, should be denied any award of attorney's fees and sanctioned themselves for attempting to obtain an award in this way.

## DISCUSSION AND ARGUMENT

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(B)(1) appears to mandate the award of attorney's fees and costs, when expert reports are not served timely—such statute having no exceptions based upon equity or otherwise. However, even under a statute which provides for a mandatory award of attorney's fees, there must be evidentiary support. *Bocquet v. Herring* 972

W.W. 2d 19, 20 (Tex. 1998).  In  the case of *Garcia v. Gomez,* 319 S.W. 3d 638 (Tex. 2010), even those in the majority opinion in that case acknowledged that there had to be some evidence of the reasonableness of the attorney's fees award and not an arbitrary award by the trial judge in a health care case.

While Judge Noll  might have had much experience in these cases, he did not have the right to reach an opinion on the reasonableness of attorney's fees and determine that they were actually incurred, without any evidence being introduced supporting the award of the  fees.  He apparently realized that the "evidence"  which he was provided did not even appear to be legitimate and decided to basically ignore it; however the problem with this was that once the affidavits were  disregarded, there was no other evidence  to consider and support his award. The affidavits of  counsel, Alexander P. Rodriguez, III, were never admitted into evidence. There was no coherent evidence in the record whatsoever which had been admitted pursuant to the rules of evidence.  The fact that the amount awarded was much less than the amounts contained in the affidavits of counsel does not mean that it was supported by actual, admissible evidence.  Despite the fact that counsel had every opportunity to introduce evidence, under oath and subject to the right of cross-examination, he chose not to do so.  So even if an award  of attorney's fees were  considered to be mandatory,  the amount of that award, based upon the evidence, would have to be zero.  There was just no evidence regarding attorney's fees properly admitted into evidence.  The affidavits in question were simply attached to the court reporter's record as Exhibits 1 and 2 and were never offered into evidence.

The other consideration regarding the attorney's fees is even more troubling.  This involves the authenticity of the affidavits upon which opposing counsel based its claim for attorney's fees both in the trial court and before this court in the appeal of the award made by the

trial judge. There were three affidavits executed by Alexander P. Rodriguez,III, an attorney with the firm representing the opposing parties. Mr. Rodriguez, who was not named as the lead attorney but was the only attorney from the firm appearing in court and was the one who signed almost all of the pleadings. Although none of these affidavits were ever actually introduced into evidence, the first one claiming total fees of $16,630.52 was referred to in open court on November 5, 2013. (RR p.28, line 16) . A copy was shown to Levey and possibly the judge, but never was introduced into evidence. There was some discussion by counsel but he did not testify about the facts contained in the affidavit under oath. Then on November 21, 2013 at the next hearing, Mr. Rodriguez had two affidavits, totaling $31,683 which apparently were intended as a replacement for the first affidavit which was never mentioned again. See Exhibits 1 and 2 to RR) These all covered basically the same period of time and the same legal work allegedly performed, all of these were made under oath, but the two filed approximately two weeks after the first, totaled approximately twice as much. The affidavits of November 21, 2015 were not introduced into evidence properly but were given to the court reporter to attach to the record as exhibits. They were not even admitted under the business records exception. Rule 803(6), Rule 902(10)(b), Tex. R. Evid. Such an affidavit would require giving 14- days notice. Levey never had a chance to cross-examine Mr. Rodriguez on the contents of any of these affidavits nor the other attorneys and paralegals who allegedly worked on the case. This Court in its original opinion acknowledged that there was a big discrepancy in the amounts claimed in the different affidavits and suggested that the trial court might have had a basis to not accept such evidence andcut back on the amount of the award as it did. Levey contends that there is no possibility that all of these affidavits could be true—they are just too inconsistent. It really seems to Levey that opposing counsel or their clients simply decided arbitrarily that they wanted

to obtain a larger award from him and then created and filed affidavits to accomplish this purpose . Since the purpose of filing the allegedly bogus affidavits was to obtain a larger award of attorney's fees against Levey, and since these affidavits were so questionable, Levey contends that the opposing parties and attorneys be denied any award of attorney's fees as a sanction, if nothing else. See Texas Disciplinary Rules of Professional Conduct, Rule 3.03 --- Candor to a Tribunal, specifically prohibiting the making false statements to a court. The opinion in the *Garcia* case suggested that sanctions could offset any award for attorney's fees. In that opinion the Court was referring to discovery sanctions, but the same principle would apply to any sanctions that would be appropriate. Filing false affidavits certainly would merit the imposition of sanctions by this Court under the inherent power of the Court.

Movant contends that there was no evidence before the court regarding attorney's fees— as to reasonableness and the fact that they were actually incurred--- and that if the affidavits were found to be evidence that such evidence should be disregarded due to lack of credibility and inconsistency.

Levey intended to compare line- by- line the first affidavit with the other two for the Court, but decided not to do so because the first affidavit was never offered into evidence nor included as an exhibit attached to the record as the others were. Only the total amount was acknowledged in open court but the discrepancy is obvious and no explanation was even offered to the Court for the discrepancy.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED, LEVEY**        prays that this

Motion for Rehearing and En Banc Reconsideration be granted and upon final hearing that the

Court's judgment be  modified and for such other relief as may be warranted.

Respectfully Submitted,

Arnold L. Levey
SBN 12250000
P.O. Box 460064
San Antonio, Texas 78246
210 – 685 – 8383 (tel)
210 — 579-6493 (fax)
Arnold.levey@gmail.com(email)

/S/ ***Arnold L. Levey***

*Attorney for Appellee and Cross-Appellant*

## CERTIFICATE OF SERVICE

This is to certify that on  September 8, 2015, a true and correct copy of Motion for Extension was served on the following counsel:

LISA A. ROCHELEAU
ALEXANDER RODRIGUEZ, III.
BOONE & ROCHELEAU, P.L.L.C.
101 Reunion Place, Suite 600
San Antonio, Texas 78216
*Attorney for Appellants and Cross-Appellees*

/S/ ***Arnold L. Levey***
Arnold L. Levey