

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-18-00040-CV

Eldo E. **FREZZA**, M.D.,
Appellant

v.

Melissa **FLORES**,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2017CVB000655D1
Honorable Jose A. Lopez, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Karen Angelini, Justice
                Rebeca C. Martinez, Justice
                Irene Rios, Justice

Delivered and Filed: November 21, 2018

AFFIRMED

In this interlocutory appeal, appellant Eldo E. Frezza, M.D. challenges the trial court's order denying his motion to dismiss pursuant to section 74.351(b) of the Texas Civil Practice and Remedies Code. Frezza contends the trial court erred in denying his motion to dismiss because he was not timely served with an expert report. We affirm the trial court's order.

### BACKGROUND

Appellee Melissa Flores filed suit against Frezza on April 3, 2017 for injuries allegedly caused by Frezza during surgery he performed on her. On June 5, 2017, attorney Ronald Hole

filed an original answer on behalf of his client, Frezza.[1] Two days later, on June 7, 2017, Flores electronically filed and served an expert report through the electronic filing manager to an email address belonging to Mr. Hole's legal assistant, Orfelinda "Orfie" Vela, styled "orfie@holealvarez.com." That same day, Flores also filed "Plaintiff's Notice of Filing Texas Civil Practice and Remedies Code Section 74.351, et seq., Report" with the trial court. The filing contained a standard certificate of service.

Thereafter, on October 4, 2017, Frezza filed a motion to dismiss asserting he had not been served with the expert report before the expiration of the statutory 120-day period. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). On November 30, 2017, Flores filed a response to the motion to dismiss arguing she timely filed and served the expert report on June 7, 2017.

Frezza filed a reply to the response asserting Flores did not serve an expert report on the "attorney of record" before the expiration of the 120-day period because the expert report was sent to an email address belonging to Ms. Vela, as opposed to an email address belonging to Mr. Hole. Attached to the reply were the affidavits of Mr. Hole and Ms. Vela. In his affidavit, Mr. Hole states he filed Frezza's Original Answer electronically using his electronic service email address of mail@holealvarez.com. Mr. Hole averred he did not become aware that plaintiff's counsel had attempted to send a copy of the expert report to Ms. Vela until he was served with Flores's response to the motion to dismiss. He further averred that on November 30, 2017, Ms. Vela checked her email and tried to obtain the document sent by Flores; she received a statement that "[t]he document that you are trying to access has expired. All eFiled documents are available for 15 days after they have been Filed."

---

[1] Frezza's answer did not contain an email address for counsel or anyone in his office. Frezza's motion to dismiss lists Mr. Hole's email address as "mail@holealvarez.com."

In Ms. Vela's affidavit, she stated Mr. Hole is the sole person in the office authorized to receive, file, and serve documents using the electronic filing system. Once she was informed that plaintiff had emailed the report to her email address, she searched her computer and did find an email dated June 7, 2017. However, Ms. Vela did not recall seeing the email prior to November 30, 2017. She stated she had no independent recollection of receiving and/or seeing the June 7, 2017 email. She further stated she was certain she never opened and printed the June 7, 2017 email and had no knowledge that anyone was attempting to serve Mr. Hole with an expert report through her email account.

Flores then filed a rejoinder to Frezza's reply. Flores noted that the Rules relating to electronic filing require that "the email address of an attorney . . . who electronically files a document must be included on the document." *See* TEX. R. CIV. P. 21(f)(2). Flores argued Frezza's Original Answer was electronically filed but did not include the email address of counsel. Instead, "it appears the only email address Dr. Frezza's counsel specifically included when electronically filing the document was that of his agent and legal assistant, Ms. Orfelinda 'Orfie' Vela." Attached to the rejoinder was the affidavit of Crystal Richard, the legal assistant for Flores's counsel, who stated that when Flores's counsel filed "Plaintiff's Notice of Filing of Chapter 74 Expert Report," Mr. Hole's email address was not on the service list, but Ms. Vela's was. Also attached was the e-filing service record indicating that Ms. Vela was served with and opened the served document on June 7, 2017.

Frezza filed a reply to the rejoinder arguing that the filing of an expert report is insufficient without service on the party or his attorney of record.

On January 18, 2018, the trial court held a hearing on Frezza's motion to dismiss. At the conclusion of the hearing, the trial court denied Frezza's motion to dismiss. This interlocutory appeal ensued.

## STANDARD OF REVIEW

A trial court's ruling on a motion to dismiss under section 74.351(b) of the Texas Civil Practice and Remedies Code is generally reviewed for an abuse of discretion. *Matthews v. Lenoir*, 439 S.W.3d 489, 492 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). "Under an abuse of discretion standard, we defer to the trial court's factual determinations if they are supported by the record, but we review a trial court's legal determinations, including issues of statutory construction, de novo." *Bexar Cnty. Hosp. v. Harlan*, No. 04-15-00155-CV, 2015 WL 4638262, at \*2 (Tex. App.—San Antonio Aug. 5, 2015, pet. denied) (mem. op.). We do not substitute our judgment for the trial court's. *Henry v. Kelly*, 375 S.W.3d 531, 535 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

## DISCUSSION

Section 74.351 provides that a health care liability claimant must "serve" an expert report within 120 days of filing suit. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). Although Section 74.351(a) does not define the term "serve," this court and several of our sister courts have concluded that the Texas Rules of Civil Procedure govern "all actions of a civil nature" and "that the Legislature intended the term 'serve' to have the same meaning that it carries in Rule of Civil Procedure 21a." *Christus Santa Rosa Health Care Corp. v. Botello*, 424 S.W.3d 117, 122 (Tex. App.—San Antonio 2013, pet. denied); *Univ. of Tex. Med. Branch at Galveston v. Callas*, 497 S.W.3d 58, 65–66 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Thus, an expert report "may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record." *See* TEX. R. CIV. P. 21a(a). The rule specifies that a document filed electronically "must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager." TEX. R. CIV. P. 21a(a)(1). "If the email address of the party or attorney to be served is not on file with the

electronic filing manager, the document may be served on that party or attorney under subparagraph (2)." *Id*. "A document not filed electronically may be served in person, mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct." TEX. R. CIV. P. 21a(a)(2). "Electronic service is complete on transmission of the document to the serving party's electronic filing service provider. The electronic filing manager will send confirmation of service to the serving party." TEX. R. CIV. P. 21a(b)(3).

If an expert report is not served on the party or the "attorney of record" within the 120-day deadline, the trial court must dismiss "the claim with respect to the physician or healthcare provider, with prejudice to the refiling of the claim," provided that the "affected physician or health care provider" filed a motion to dismiss. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b). The law is clear that dismissal is mandatory if the expert report is not timely served. *See Garcia v. Gomez*, 319 S.W.3d 638, 640 (Tex. 2010) ("If no report is timely served, the trial court must, on motion, dismiss the claim.").

Here, it is undisputed that Flores filed and served the expert report on Ms. Vela on June 7, 2017. We must decide whether service on Ms. Vela was proper. We hold that under the facts of this case, it was. A document filed electronically must be served through the electronic filing manager if the "email address of the party or attorney to be served is on file with the electronic filing manager." TEX. R. CIV. P. 21a(a)(1). Here, conflicting evidence was presented as to what email address was provided for electronic filing. At the hearing on the motion to dismiss, Mr. Hole claimed that when he electronically filed an Original Answer on behalf of Frezza, he used the email address "mail@holealvarez.com." He stated he had no idea who put Ms. Vela's email address in the electronic filing record. Counsel further denied that he or Ms. Vela ever received the expert report.

Under an abuse of discretion standard, we defer to the trial court's factual determinations, and a trial court "does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision." *Bexar Cnty. Hosp.*, 2015 WL 4638262, at \*4 (quoting *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009)). Although Frezza's Original Answer was electronically filed, it did not include the email address of counsel as required by Rule 21(f)(2). *See* TEX. R. CIV. P. 21(f)(2). Instead, from the evidence presented, the trial court could have found the only email address Frezza's counsel included when electronically filing the Original Answer was Ms. Vela's. Crystal Richard stated that in filing and serving the expert report on behalf of Flores's counsel, she used the service list for the trial court matter, which included four names: herself;[2] Steven Davis (trial counsel for Flores); Roderick Carlos Lopez (local counsel for Flores); and Ms. Vela. Neither Mr. Hole's name nor his email address appeared on the service list. The record contains a proof of service document provided by "MyFileRunner.com" showing that the expert report was successfully sent to Ms. Vela on June 7, 2017 and was opened. "Because the trial court denied the motion to dismiss, we must infer that it resolved the conflicting evidence in [Flores's] favor" and determined that the expert report was timely served on Frezza's counsel. *Patel v. Williams*, No. 11-06-00254-CV, 2007 WL 632989, at \*3 (Tex. App.—Eastland Mar. 1, 2007, no pet.). Accordingly, we cannot hold the trial court abused its discretion in denying Frezza's motion to dismiss.

CONCLUSION

The trial court's order is affirmed.

Rebeca C. Martinez, Justice

---

[2] Though Ms. Richard states in her affidavit that her own name was on the service list, it is not. Instead, Leslie Harris's name is included.