**Reversed and Remanded; Memorandum Opinion and Concurring Memorandum Opinion filed May 27, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00761-CV

---

### KATHERINE MILLIKEN AND CHARLES MULHALL, Appellant

### V.

### LUCY  TUROFF, Appellee

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-16699**

---

## CONCURRING MEMORANDUM OPINION

I join in the court's opinion but add these comments.

Ms. Turoff's counsel, Michael West, attempted to prove the reasonableness and necessity of attorney's fees using the same type of testimony that lawyers have employed and courts have affirmed for decades. Unfortunately for Turoff, three months before the remanded bench trial to determine fees, the Supreme Court of Texas ruled that the traditional, tried and true method of proving attorney's fees

was no longer sufficient.

For many years, testimony about an attorney's experience, the total amount of fees, and the reasonableness and necessity of the fees complied sufficiently with *Arthur Anderson* to support an attorney's fee award. Such testimony about fees was labeled as the "traditional" method. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 490 (Tex. 2019). In *Rohrmoos*, the Supreme Court of Texas noted that many courts of appeals had recently affirmed fee awards with just such evidence. *See id*. at 496. Indeed, in *Garcia v. Gomez*, the high court held that evidence of an attorney's experience, amount of fees and reasonableness and necessity, while "lacking in specifics," was nevertheless "some evidence of a reasonable fee" and affirmed a fee award. *See* 319 S.W.3d 638, 642 (Tex. 2010). As recently as 2017, the Supreme Court of Texas relied on *Garcia* and affirmed another fee award using the similar evidence that was "lacking in specifics," but sufficient. *See Kinsel v. Lindsey*, 526 S.W.3d 411, 427 (Tex. 2017).

In 2012, the Supreme Court of Texas introduced the loadstar method of determining reasonableness and necessity of an attorney's fee award. *See El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757 (Tex. 2012). Thereafter, "questions surfaced" whether the loadstar method was required in all fee shifting applications or just when certain state statutes that mandated application of the loadstar method. *Rohrmoos*, 578 S.W.3d at 495. Indeed, even after *El Apple,* courts of appeals continued to uphold attorney's fee award based on the traditional approach. *See, e.g.*, *Venture v. UTSW DVA Healthcare, LLP*, 559 S.W.3d 155 (Tex. App.—Dallas 2015), *affirmed in part and reversed in part by Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019); *Jeff Kaiser, PC v. State*, No. 03-15-00019-CV, 2016 WL 1639731, at *5 (Tex. App.—Austin Apr. 20, 2016, pet. denied) (mem. op.); *Jimoh v. Nwogo*, 2014 WL 1875825, at *9 (Tex. App.—

Houston [1st Dist.] Dec. 23, 2014, no pet.) (mem. op.); *Ferrant v. Graham Assocs. Inc.*, No. 02-12-00190-CV, 2014 WL 1875824, at *9 (Tex. App.—Fort Worth May 8, 2014, no pet.) (mem. op.); *Metroplex Mailing Services, LLC v. RR Donnelly & Sons Co.*, 410 S.W.3d 889, 900 (Tex. App.—Dallas 2013, no pet.).

In April 2019, the Supreme Court of Texas made clear that the loadstar method is "to apply to any situation in which an objective calculation of reasonable hours worked times a reasonable rate can be employed." *Rohrmoos*, 578 S.W.3d at 498. Thus, the Supreme Court mandated that sufficient evidence includes, at a minimum, "evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Id.* However, this case was tried three months later, in July 2019, and Turoff failed to introduce the evidence mandated by *Rohrmoos*.

The law is now settled that the old way of proving attorney's fees is no longer sufficient.


/s/    Randy Wilson
Justice

Panel consists of Chief Justice Christopher and Justices Spain and Wilson.