Opinion issued April 24, 2025



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-23-00559-CV

_____

### ANH DOAN VO, Appellant

### V.

### ALEXANDER NGUYEN, Appellee

On Appeal from the 280th District Court
Harris County, Texas
Trial Court Case No. 2023-19406

## CONCURRING OPINION

When a record does not contain enough evidence to uphold a factual finding, the decision whether to render or remand takes place according to well-known rules. The answer often depends on the difference between legal and factual insufficiency.

*See* Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. 361, 368–69 (1960).  Other factors can count, too.  *See generally* Robert W. Calvert, *In the Interest of Justice*, 4 ST. MARY'S L.J. 291 (1972). Regardless, the main driver in choosing the disposition is the state of the record.

But suppose the dispute involves an award of attorney's fees, and there is some evidence of those fees but not enough detail.  Should the render-vs-remand decision depend on whether the statute authorizing fees uses mandatory language? Some courts say yes.  They create the following dichotomy:

1. *"Shall"*—If the statute makes the fees mandatory, the appellate court will remand to give the fee claimant another at-bat.

2. *"May"*—If the statute makes the fees discretionary, the appellate court will render and send the fee claimant back to the dugout with nothing.

Our sister court took this position in *In re K.A.M.S.*, 583 S.W.3d 335, 350 (Tex. App.—Houston [14th Dist.] 2019, no pet.), and it has adhered to that view.[1]

It makes sense for the two appellate courts in Houston to minimize conflicts, and given that a few other courts have agreed,[2] I will go along, but with real doubts.

---

[1] *See, e.g.*, *Donnelly v. Speck*, 667 S.W.3d 885, 892 (Tex. App.—Houston [14th Dist.] 2023, no pet.) ("Because the fees in question were discretionary, we are restrained from remanding for further proceedings; we reverse and render a judgment of no fee award."); *Dessens v. Argeroplos*, 658 S.W.3d 438, 451 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (similar).

[2] *See Fiamma Statler, LP v. Challis*, No. 02-18-00374-CV, 2020 WL 6334470, at *20 (Tex. App.—Fort Worth Oct. 29, 2020, pet. denied) (mem. op.) (remanding attorney's fees issue even though defendant presented legally insufficient evidence of reasonableness and necessity because fee award was mandatory); *Jones v.*

The mandatory/discretionary test just seems unsound.  If the trial judge exercised discretion to award fees, why should it matter that the judge also possessed the power to go the other way?  By the time of the appeal, the trial judge has long ago ruled "*Thou shalt recover fees*," so examining the authority for that ruling seems pretty unedifying.  A claimant with a statutory right to a fee award looks just like a claimant with a judicial order commanding a fee award.

Could the mandatory/discretionary dichotomy be justified by reasoning that a mandatory statute has such force that it forbids sending people home with nothing?  No.  If a fee award rested on a true vacuum of evidence—no expert, no time sheets, nothing—nobody would say that the claimant gets a second bite at the apple.  That claimant would trigger the normal rule that legal insufficiency requires rendition.  So the key cannot lie in the statute.

Instead, the key must lie in the kind of insufficiency.  Cases of inadequate detail occupy their own category, making them qualitatively different from cases of a true vacuum of proof.  *See Garcia v. Gomez*, 319 S.W.3d 638, 641, 643–44 (Tex. 2010) (declining to render judgment even though attorney's testimony on fees "lacked specifics" and noting that "[a]n attorney's testimony about the reasonableness of his or her own fees is not like other expert witness testimony" and

---

*Patterson*, No. 11-17-00112-CV, 2019 WL 2051301, at *10 (Tex. App.—Eastland May 9, 2019, no pet.) (mem. op.) (same).

3

that particular attorney's testimony was not "merely conclusory" but was instead "some evidence of what a reasonable attorney's fee might be in this case").

A case of inadequate detail closely resembles a case of failure to segregate. When we sustain a sufficiency attack on a damage award that combines recoverable and unrecoverable components, we typically remand for segregation rather than killing the claim. *See Minn. Mining & Mfg. Co. v. Nishika Ltd*., 953 S.W.2d 733, 739 (Tex. 1997); *Texarkana Mem'l Hosp., Inc. v. Murdock*, 946 S.W.2d 836, 841 (Tex. 1997). The same holds true of fee awards that need more detail. *See Kinsel v. Lindsey*, 526 S.W.3d 411, 428 (Tex. 2017) (finding "failure to segregate" and remanding "for reconsideration with sufficiently detailed information for a meaningful review of the fees sought").

Treating a case of inadequate detail as its own species of legal insufficiency would fit with *Rohrmoos Venture v. UTSW DVA Healthcare, LLP* where the Texas Supreme Court remanded: "Because the record does not provide the requisite details to support a fee award, we reverse the court of appeals' judgment as to the attorney's fee award and remand the case to the trial court for a redetermination of fees consistent with this opinion." *See* 578 S.W.3d 469, 506 (Tex. 2019); *see also id.* at 497, 500 (citing prior cases that remanded for new trial on fees). In cases like *Garcia* and *Rohrmoos Venture*, we know that the right number exceeds zero, but we need more data to determine how far above zero it can go.

4

None of this is to say that we should always remand when a fee award has a legal sufficiency problem.  But when the only problem amounts to a lack of detail, remand should normally be the preferred result.  And in any event, the remand-vs-render decision should depend on the state of the record, rather than on the happenstance of how the fee statute reads.

Accordingly, I respectfully concur.


David Gunn
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.

Justice Gunn, concurring.